UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 PROCEEDING |
| | ) | |
| | ) | |
| JAMES SAMATAS, | ) | CASE NO. 20-BK-17355 |
| | ) | |
| | ) | |
| DEBTOR. | ) | HON. A. BENJAMIN GOLDGAR |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **Monday, October 26, 2020, at 10:00 a.m.**, I will appear before the Honorable A. Benjamin Goldgar, or any judge sitting in that judge's place, and present the **UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE PURSUANT TO 11 U.S.C. 1112(b) ON SHORTENED NOTICE**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 161 500 0972 and the password is 726993. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

/s/ *David Paul Holtkamp*
David Paul Holtkamp, Trial Attorney
Office of the U.S. Trustee
219 S. Dearborn, Room 873
Chicago, IL 60604
(312) 353-5014

## CERTIFICATE OF SERVICE

  I, David Paul Holtkamp, an attorney, certify that I served a copy of this notice, the attached motion, and proposed order on each entity shown on the attached list at the address shown and by the method indicated on October 15, 2020, before 5:00 p.m.

                /s/ *David Paul Holtkamp*

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice for Registrants**

  Sarah E Barngrover    amps@manleydeas.com

  Patrick S Layng     USTPRegion11.ES.ECF@usdoj.gov

**Parties Served via First Class Mail:**

  *See Attached Exhibit A - Declaration of Mailing/Certificate of Service*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 PROCEEDING |
| | ) | |
| JAMES SAMATAS, | ) | CASE NO. 20-BK-17355 |
| | ) | |
| DEBTOR. | ) | HON. A. BENJAMIN GOLDGAR |

**UNITED STATES TRUSTEE'S MOTION TO SHORTEN NOTICE TO THAT GIVEN, AND TO CONVERT OR, IN THE ALTERNATIVE, DISMISS CHAPTER 11 CASE AND FOR OTHER RELIEF**

Patrick S. Layng, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by and through his attorney, David Paul Holtkamp, moves pursuant to 11 U.S.C. § 1112(b), for an order limiting notice to that given, converting the above captioned Chapter 11 case to Chapter 7 for "cause," or in the alternative, dismissing the case (the "Motion"). In support of the Motion, the U.S. Trustee states the following:

**JURISDICTION**

1. This is a core proceeding concerning the administration of the estate pursuant to 28 U.S.C. § 157(b)(2)(A) which this Court may hear and determine pursuant to IOP 15(A) and LR 40.3.1 of the United States District Court for the Northern District of Illinois.

2. Venue of this case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The U.S. Trustee has standing to file the Motion under 11 U.S.C. § 307 and 28 U.S.C. § 586(a)(3).

**DISCUSSION**

4. The Debtor commenced this chapter 11 case, *pro se*, on September 21, 2020.

5. Pursuant to Bankruptcy Rule 1007(c), the Debtor had until October 5, 2020 to file the documents required by 11 U.S.C. § 521, including his complete set of Schedules, Statement of Financial Affairs, and Statement of Currently Monthly Income.

6. The Debtor filed along with his *pro se* chapter 11 petition: (i) a list of creditors, (ii) Schedule D, (iii) Form 104 – List of 20 Largest Unsecured Creditors, and (iv) Schedule E/F. A review of the filed documents reveals that they may merely contain rough estimates and contain omissions requiring amendments.

7. The Debtor has not filed any additional documents required by 11 U.S.C. § 521.

8. The Debtor has not filed: (i) Schedule A/B – Property; (ii) Schedule C – Exempt Property; (iii) Schedule G – Executory Contracts; (iv) Schedule H – Co-Debtors; (v) Schedule I – Income; (vi) Schedule J – Expenses; (vii) the Statement of Financial Affairs; and (viii) Statement of Currently Monthly Income.

9. Further, Debtor failed to request an extension of time to file the required documents.

10. The § 341 meeting of creditors is scheduled for October 22, 2020 and cannot be conducted until all the required documents are filed.

11. In relevant part, §1112(b) of the Bankruptcy Code provides that on the request of a party in interest, and after notice and a hearing, the court shall convert the case to Chapter 7 or dismiss the case, whichever is in the best interests of creditors of the estate, so long as the movant establishes "cause." *See* 11 U.S.C. § 1112(b)(1).

12. Section 1112(b)(4) sets forth a list of sixteen grounds that constitute "cause" for conversion or dismissal. *See* 11 U.S.C. § 1112(b)(4)(A)-(P). The list is not exhaustive, and a court may convert or dismiss cases for reasons other than those specifically identified in §1112(b)(4).

4

*See In re Tekena USA, LLC*, 419 B.R. 341, 346 (Bankr. N.D. Ill. 2009); *In Matter of Strug-Division, LLC*, 375 B.R. 445, 448 (Bankr. N.D. Ill. 2007).

13. One example of cause, set forth in §1112(b)(4)(F), is the debtor's unexcused failure to timely satisfy any filing requirement established by any rule. This case involves failures on the Debtor's part to satisfy filing requirements in a timely manner.

14. The U.S. Trustee believes the Debtor's failure to comply with filing requirements are more than simple procedural matters: the case cannot proceed without the Debtor's required disclosures in the Schedules and Statement of Financial Affairs.

15. It appears that there may be significant assets here that could be liquidated to make a significant distribution to creditors. Therefore, the U.S. Trustee believes that this case should be converted chapter 7 for a chapter 7 trustee to look into the administration of estate assets.

## CONCLUSION

16. The Debtor's has failed to timely comply with the filing requirements established under the Bankruptcy Code and by the Federal Rules of Bankruptcy Code. Based on the foregoing, the U.S. Trustee submits that cause exists under §1112(b) to dismiss or convert this case to Chapter 7. The U.S. Trustee also believes cause exists to limit notice of this motion to that given.

WHEREFORE, the U.S. Trustee respectfully requests this Court enter an order limiting

notice of this motion to that given, converting the case to Chapter 7, or alternatively, dismissing this case, and for such other relief as this Court deems just.

                                        RESPECTFULLY SUBMITTED:

                                        PATRICK S. LAYNG
                                        UNITED STATES TRUSTEE

Dated:  October 25, 2018               BY: *David Paul Holtkamp*
                                        David Paul Holtkamp, Attorney
                                        Office of the U.S. Trustee
                                        219 S. Dearborn St., #873
                                        Chicago, Illinois 60604
                                        (312) 353-5054