UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 PROCEEDING |
| | ) | |
| | ) | |
| JAMES SAMATAS, | ) | CASE NO. 20-BK-17355 |
| | ) | |
| | ) | |
| DEBTOR. | ) | HON. A. BENJAMIN GOLDGAR |

**NOTICE OF OBJECTION BY CARLYE SAMATAS' OBJECTION TO US TRUSTEE'S MOTION FOR RULE 2004 EXAMINATION OF CARLYE SAMATAS**

Carlye Samatas ("Carlye"), a secured creditor in this case, hereby files this Notice of Objection to the Notice of Motion for Rule 2004 Objection of James Samatas and Carlye Samatas ("2004 Motion") filed at Docket No. 26 by Patrick S. Lang, the United States Trustee for the Northern District of Illinois ("US Trustee"), and respectfully represents as follows:

1. Carlye is the ex-wife of James Samatas, the debtor in this case ("Debtor"), following their divorce in 2018. As of September 21, 2020, the date on which the Debtor filed for Chapter 11, the Debtor owed Carlye approximately $2 million dollars for various matters, including spousal support, tax payment reimbursements, and health insurance payments. The Debtor's obligations to pay these amounts are secured by a junior deed of trust on the home located at 1424 Tanager Way in Los Angeles, California.

2. Pursuant to the 2004 Motion, the US Trustee seeks to conduct a Rule 2004 Exam of not just the Debtor, but also of Carlye. In its Motion, the U S Trustee asserts that "[t]he viability of the bankruptcy system depends on debtors making full, candid and complete disclosure of their financial affairs," a statement with which Carlye wholeheartedly agrees.

1

3.  Carlye, however, is not a debtor, and is in fact a substantial creditor of the Debtor here, her ex-husband. Yet in the 2004 Motion, the US Trustee puts forth no evidence or even any argument as to why the US Trustee needs to conduct discovery *from Carlye*, a non-debtor, or why this discovery cannot be obtained directly from the Debtor.

4.  The 2004 Motion is similarly deficient with regard to the scope of the 2004 Exam it seeks to conduct of Carlye. No mention is made of the topics on which the US Trustee seeks discovery from Carlye; what documents or other information the US Trustee seeks from Carlye, and on what schedule; when or whether the US Trustee seeks to take Carlye's deposition; or anything else relating to the US Trustee's proposed 2004 Exam. In fact, the 2004 Motion contains literally no meaningful information as to the discovery it seeks to obtain from Carlye, regarding the Debtor, pursuant to its proposed 2004 Exam.

5.  Carlye is ready, willing and able to assist the US Trustee in obtaining full and accurate information regarding the Debtor's assets and liabilities. However, Carlye cannot let stand unopposed the 2004 Motion in its current form, which effectively seeks a "blank check" order from this Court. Accordingly, Carlye respectfully requests that the Court deny the 2004 Motion in its current form (as it pertains to Carlye).

RESPECTFULLY SUBMITTED:
Carlye Samatas, creditor

Dated: November 18, 2020              BY: *Eric. D. Goldberg*
                                       Eric D. Goldberg
                                       DLA Piper, LLP
                                       2000 Avenue of the Stars, Suite 400N
                                       Los Angeles, CA 90067
                                       310/595-3085
                                       eric.goldberg@dlapiper.com
                                       *Admitted pro hac vice*