F I L E D
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

DEC 29 2020

JEFFREY P. ALLSTEADT, CLERK
INTAKE 1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 PROCEEDING |
| | ) | |
| | ) | |
| JAMES SAMATAS | ) | CASE NO. 20-BK-17355 |
| | ) | |
| | ) | |
| DEBTOR | ) | HON. A. BENJAMIN GOLDGAR |

**NOTICE OF OBJECTION to Motion of Secured Creditor Carlye Goldberg Samatas Order Allowing Her to Exceed Page Limit in Motion to Convert this Case to Chapter 7.**

James Samatas, pro se, hereby objects to Carlye Goldberg Samatas' Motion and in support thereof states the following:

## DISCUSSION

1. This court has set a status hearing for this matter on January 25, 2021

2. The US Trustee has issued a Subpoena for Documents and to hold an oral investigation of Debtor under rule 2004. This testimony is scheduled for January 27, 2021. The basis for US Trustee's pursuit of rule 2004 is unresolved information submitted by Debtor and as otherwise elicited during over five (5) hours of testimony during several Creditor's Meetings.

3. Debtor specifically outlined a plan during the Creditor's Meetings to liquidate his residence in Los Angeles, which in addition to other assets is more than sufficient to extinguish all secured creditors. To date, there have been several offers submitted for the Los Angeles property alone to accomplish this, however, after payment to brokers, two secured creditor's may be shy of funds necessary to extinguish the debts owed. The movant, Carlye Goldberg Samatas is not at risk in the second position after JP Morgan, first lienholder. In all other respects, the bankruptcy estate remains as presented.

4. The reorganization plan was to attempt to garner debtor's equity in the residence and to address unsecured creditors. Marketing of the property is ongoing and a good

possibility exists that debtor will procure a better offer and submit an executed contract to the court for approval before the scheduled status hearing date of January 25, 2021.

5. Carlye Goldberg Samatas' Motion states erroneous facts, interpretations and does not further the Court's efforts to assist debtor in his attempt to reorganize and fulfill financial duties. Ipso Facto, the US Trustee is attempting by his rule 2004 to reach clarity on the bankruptcy estate, yet the motion alleges facts that are not present, relevant or determinative of a Motion for Chapter 7 conversion. In all respects, this motion and further motion to convert are taxing on the court in being premature and further causing unnecessary legal expenses to debtor estimated between $ 15-20,000 based on the purported volume as represented.

6. The motion Carlye Goldber Samatas is requesting and subsequent filing of a Motion to Convert To Chapter 7 are within her rights and appropriate, however, only after the US Attorney has independently determined that all sufficient disclosures have been met. Movant can then clearly decide whether merit exists to proceed with a request for Chapter 7 conversion. Accordingly, unnecessary legal expenses and imposition on the court would be deferred or determined to be no longer necessary to proceed.

7. The debtor requests that the motion allowing her to exceed page limit to convert this cause be denied and to further stay any related filings until such time that the US Trustee has completed his rule 2004 investigation, made compliance determination, then advise all secured parties of his findings and position.

Date: December 21, 2020

DEBTOR, PRO SE

JAMES SAMATAS
9 NATOMA DRIVE
OAK BROOK, IL. 60523
630-525-1778
Drcheesie4@gmail.com