# EXHIBIT 1

FL-180

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>ELLEN K. WOLF        (SBN 110686)<br>WOLF WALLENSTEIN & ABRAMS, PC<br>11400 W. OLYMPIC BLVD., SUITE 700<br>LOS ANGELES, CA 90064<br>TELEPHONE NO.: (310) 622-1000     FAX NO. *(Optional)*: (310) 457-9087<br>E-MAIL ADDRESS *(Optional)*: ewolf@wolfwallenstein.com<br>ATTORNEY FOR *(Name)*: JAMES SAMATAS | FOR COURT USE ONLY<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 02 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Crystal Mitchell, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS: SAME AS ABOVE
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

MARRIAGE OR PARTNERSHIP OF
PETITIONER: JAMES SAMATAS

RESPONDENT: CARLYE SAMATAS

| JUDGMENT | CASE NUMBER: |
|---|---|
| [X] DISSOLUTION     [ ] LEGAL SEPARATION     [ ] NULLITY<br>[ ] Status only<br>[ ] Reserving jurisdiction over termination of marital or domestic<br>    partnership status<br>[ ] Judgment on reserved issues<br>Date marital or domestic partnership status ends: 7/2/2018 | BD 604 752 |

1. [ ] This judgment [ ] contains personal conduct restraining orders [ ] modifies existing restraining orders.
   The restraining orders are contained on page(s) _____ of the attachment. They expire on *(date)*:

2. This proceeding was heard as follows: [X] Default or uncontested [X] By declaration under Family Code section 2336
   [ ] Contested [ ] Agreement in court
   a. Date: JUL 02 2018          Dept.:              Room:
   b. Judicial officer *(name)*: Reva G. Goetz          [ ] Temporary judge
   c. [ ] Petitioner present in court          [ ] Attorney present in court *(name)*:
   d. [ ] Respondent present in court          [ ] Attorney present in court *(name)*:
   e. [ ] Claimant present in court *(name)*:          [ ] Attorney present in court *(name)*:
   f. [ ] Other *(specify name)*:

3. The court acquired jurisdiction of the respondent on *(date)*: 7/21/14
   a. [ ] The respondent was served with process.
   b. [X] The respondent appeared.

THE COURT ORDERS, GOOD CAUSE APPEARING
4. a. [X] Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the
      status of single persons
      (1) [X] on *(specify date)*: 7/2/2018
      (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. [ ] Judgment of legal separation is entered.
   c. [ ] Judgment of nullity is entered. The parties are declared to be single persons on the ground of *(specify)*:

   d. [ ] This judgment will be entered nunc pro tunc as of *(date)*:
   e. [ ] Judgment on reserved issues.
   f. The [ ] petitioner's [ ] respondent's former name is restored to *(specify)*:
   g. [ ] Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. [ ] This judgment contains provisions for child support or family support. Each party must complete and file with the court a
      *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this judgment. The parents must notify the
      court of any change in the information submitted within 10 days of the change, by filing an updated form. The *Notice
      of Rights and Responsibilities—Health-Care Costs and Reimbursement Procedures and Information Sheet on Changing a
      Child Support Order* (form FL-192) is attached.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>FL-180 [Rev. July 1, 2012]<br><br>CEB\|Essential<br>ceb.com\|Forms | JUDGMENT<br>(Family Law) | Family Code, §§ 2024, 2340,<br>2343, 2346<br>www.courts.ca.gov |

**FL-180**

| CASE NAME *(Last name, first name of each party):* | CASE NUMBER: |
|---|---|
| JAMES SAMATAS<br>CARLYE SAMATAS | BD 604 752 |

4. i. ☐ The children of this marriage or domestic partnership are:

(1) ☐   Name                                                      Birthdate

(2) ☐   Parentage is established for children of this relationship born prior to the marriage or domestic partnership

j. ☐ Child custody and visitation (parenting time) are ordered as set forth in the attached
   (1) ☐ Settlement agreement, stipulation for judgment, or other written agreement which contains the information required by Family Code section 3048(a).
   (2) ☐ *Child Custody and Visitation Order Attachment* (form FL-341).
   (3) ☐ *Stipulation and Order for Custody and/or Visitation of Children* (form FL-355).
   (4) ☐ Previously established in another case. Case number:                          Court:

k. ☐ Child support is ordered as set forth in the attached
   (1) ☐ Settlement agreement, stipulation for judgment, or other written agreement which contains the declarations required by Family Code section 4065(a).
   (2) ☐ *Child Support Information and Order Attachment* (form FL-342).
   (3) ☐ *Stipulation to Establish or Modify Child Support and Order* (form FL-350).
   (4) ☐ Previously established in another case. Case number:                          Court:

l. ☒ Spousal, domestic partner, or family support is ordered:
   (1) ☐ Reserved for future determination as relates to ☐ petitioner ☐ respondent
   (2) ☐ Jurisdiction terminated to order spousal or partner support to ☐ petitioner ☐ respondent
   (3) ☐ As set forth in the attached *Spousal, Partner, or Family Support Order Attachment* (form FL-343).
   (4) ☒ As set forth in the attached settlement agreement, stipulation for judgment, or other written agreement.
   (5) ☐ Other *(specify):*

m. ☒ Property division is ordered as set forth in the attached
   (1) ☒ Settlement agreement, stipulation for judgment, or other written agreement.
   (2) ☐ *Property Order Attachment to Judgment* (form FL-345).
   (3) ☐ Other *(specify):*

n. ☒ Attorney fees and costs are ordered as set forth in the attached
   (1) ☒ Settlement agreement, stipulation for judgment, or other written agreement.
   (2) ☐ *Attorney Fees and Costs Order* (form FL-346).
   (3) ☐ Other *(specify):*

o. ☐ Other *(specify):*

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions. Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date: xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx         xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
                                                                          JUDICIAL OFFICER

5. Number of pages attached: 41 _____         ☒ SIGNATURE FOLLOWS LAST ATTACHMENT

---

**NOTICE**

Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar property interest. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.
A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.
An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.
Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

---

**JUDGMENT**
**(Family Law)**

CEB® | Essential
ceb.com | Forms™



**ATTACHMENT TO JUDGMENT**

The Petitioner, James Samatas, and Respondent, Carlye Samatas, (the parties) stipulate to the entry of this Stipulated Judgment (referred to hereafter as Judgment or Stipulated Judgment or settlement) for the division of their assets, division and assumption of liabilities, the confirmation of his and/or her separate property, the resolution of issues concerning spousal support and for the resolution of all other legal and financial matters of the parties.

All of the terms of this Judgment shall be binding upon the parties, and all assignments and transfers described herein shall be effective as of the date the Judgment is fully executed by both parties and their respective counsel (the "date of full execution"). As soon as the Judgment has been signed by both parties and their respective attorneys of record, this Judgment shall become immediately effective between the parties as a binding Marital Settlement Agreement and an enforceable contract. The agreements, stipulations, waivers and warranties contained in this Judgment (whether referred to as part of this Stipulated Judgment or in settlement of certain issues or both) are not extinguished by merger into the Judgment but shall continue in full force and effect as agreements, stipulations, waivers and warranties.

Based upon this stipulation of the parties, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. **STIPULATED FACTS**

The parties hereby stipulate that the following facts as set forth in this Paragraph 1 are true and correct, and the court hereby finds that the following facts set forth in this Paragraph are true and correct:

A. Petitioner and Respondent (hereinafter collectively "the parties" and singularly a "party") were married on August 19, 1979. The date of separation in the Petition is June 15, 2014. Petition for Dissolution of Marriage was filed on July 9, 2014. Respondent filed a response to the Petition on July 21, 2014. Petitioner and

{00079608.DOCX/6}          {00079608.DOCX/6}          {00079608.DOCX/6} {00079

1



1  Respondent are no longer living together. The court shall reserve jurisdiction to
2  determine the date of separation in the event that determination becomes an issue.

3          B.    The parties have no minor children.  The parties have two adult
4  children, Collin Samatas and Gabrielle Samatas.

5          C.    Petitioner has been a resident of the State of California for at least
6  six months preceding the filing of the Petition for Dissolution of Marriage.

7          D.    There is now pending in the Superior Court of the State of
8  California, for the County of Los Angeles, an action for Dissolution of Marriage
9  between Petitioner and Respondent, case number BD 604 7752.  The parties
10  acknowledge jurisdiction of this Court to dissolve this marriage and enter this
11  Judgment binding the parties.

12          E.    It is the mutual wish and desire of both Petitioner and Respondent
13  to immediately effect, by way of contract, a full, complete and final settlement of all
14  their respective claims against the other set forth above and herein.

15          F.    Prior to their executing this Judgment, the Parties have exchanged
16  Preliminary and Final Declarations of Disclosure as required by California Family Code
17  §§2105, et. seq.
18

19          G.    Prior to executing this Judgment, Respondent took possession of
20  considerable personal property of the parties including but not limited to extensive
21  jewelry, furs, furnishings and art.  Respondent also purchased and furnished a luxury
22  condominium home with more than $3 million in funds provided by Petitioner.

23          H.    Prior to executing this Judgment, and in addition to receiving the
24  formal disclosures as referenced above, Respondent undertook considerable efforts
25  and made her own investigation into the characterization, income, assets and
26  appraisals of properties, both real and personal, including but not limited to:

27                  1.  extensive discovery and the production of documents
28                       (nearly 8,000 pages including tax returns, bank statements,

{00079608.DOCX/6}        {00079608.DOCX/6}        {00079608.DOCX/6} {00079(

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

and other documents), regarding Petitioner and Petitioner's Revocable Trust (James Samatas Revocable Trust U/T/A dated May 6, 1997) and any businesses held by either one;

2. investigation of real property values of the two real properties at issue, 9 Natoma, Oak Brook, Illinois ("Natoma") and 1424 Tanager, Los Angeles, California ("Tanager"), including appraisals of both properties by appraisers of Respondent's choice;

3. numerous days of inventory, assessment and investigation of personal property values of Respondent's jewelry, and all of the personal property contained in Natoma and Tanager, including a video review, at Respondent's direction, of two safes at Tanager containing Petitioner's and Respondent's jewelry, as well as an appraisal of the contents in Natoma by an appraiser of Respondent's choice, and sale of certain items including but not limited to antiques, vintage artifacts, furniture, and artwork pursuant to court approved order, and of Respondent's jewelry, at Respondent's sole direction.   In addition Respondent has reviewed the purchase prices and/or sale prices of some of the personal property in Natoma, Tanager, including items purchased from AB Levy, L.H. Selman or RS Johnson

4. a personal meeting between counsel for Respondent and Petitioner's trust and estate lawyer and a review by Respondent's counsel of historical and financial documents concerning the irrevocable trust established by Petitioner's father, creating the 1988 James Samatas Discretionary

{00079608.DOCX/6}          {00079608.DOCX/6}          {00079608.DOCX/6}   {00079(

3

1    Trust dated September 8, 1988 ("Discretionary Trust")

2    which included a copy of the Trust agreement, gift tax

3    returns and a listing of businesses in which the

4    Discretionary Trust has an interest, as well as review of

5    historical and current documents regarding loans made to

6    Petitioner's Revocable Trust by the Discretionary Trust;

7    and

8    5.   review of historical documents and chronology of events

9    regarding loans Petitioner claimed were made by family

10    member or their trusts to Petitioner, or to the Discretionary

11    Trust and/or the Revocable Trust, some of which loans

12    were paid and some of which remain outstanding, all as

13    reflected in the information and documentation reviewed by

14    Respondent and her counsel pursuant to a Confidentiality

15    Agreement executed on December 18, 2017.

16

17    I.    The parties have undertaken both formal and informal discovery.

18    The formal discovery included interrogatories, subpoenas to third parties, document

19    requests, appraisals of real property and personal property. In informal discovery,

20    Petitioner provided documents under a Confidentiality Agreement between the parties,

21    including documents reflecting the establishment of the "Discretionary Trust"

22    established by Petitioner's father in 1988, and documents reflecting loans made by

23    such Trust, and loans between such Discretionary Trust and other entities including

24    but not limited to Trusts of Petitioner's brother.

25    J.    There has been a significant and long-standing discovery dispute

26    relating to Petitioner's objection to producing financial documents relating to his

27    interest in the Discretionary Trust established by his father in 1988, which Respondent

28    contends may bear in her favor on the issues addressed in this Judgment. Discovery

{00079608.DOCX/6}          {00079608.DOCX/6}          {00079608.DOCX/6} {00079

4



1    was placed on hold by the parties for a significant period. The next step in the

2    discovery process would have been for Respondent to file an appropriate motion to

3    bring this before a judicial court to determine what documents, if any, Petitioner would

4    have to produce relative to his interest in the Discretionary Trust.

5          K.    The parties have elected to settle now rather than continue to

6    litigate over these discovery issues.  Each party knowingly and expressly waives his

7    or her rights to engage in further discovery, both formal and informal, and to

8    investigate any further the financial circumstances of the other party, and to claim

9    that the other party's disclosures are false or inaccurate in any way that could have

10   been shown by further discovery in this matter.  This Judgment fully resolves such

11   contentions and Respondent irrevocably and forever waives any further requests for

12   additional discovery or information.  All such disputes are fully released and resolved

13   by this settlement.

14

15         L.    Respondent has disputed the characterization of the assets titled

16   in the name of the Discretionary Trust, including but not limited to the Discretionary

17   Trust's interest in several nursing homes/assisted care businesses created during the

18   marriage, and has asserted that its income is available to Petitioner for determination

19   of and payment to her for spousal support, and/or that Respondent has marital

20   property rights in and to the Discretionary Trust assets.  Respondent has also asserted

21   that the Discretionary Trust loans as shown on Petitioner's Declaration of Disclosure,

22   are not actual loans, but rather were distributions of the Trust income to the Petitioner,

23   and which distributions were community property which was used to purchase real and

24   personal assets during the marriage. Petitioner disputes such contentions. All such

25   contentions and disputes are fully released and resolved by this settlement.

26         M.    The parties each understand and acknowledge that the

27   Petitioner's Revocable Trust, which owns 1424 Tanager, is in litigation with a

28   downslope neighbor concerning development of the downslope property, and is in a

{00079608.DOCX/6}                {00079608.DOCX/6}                          {00079608.DOCX/6}  {00079(

5

1    dispute with the upslope neighbor at 1432 Tanager, either of which may affect

2    important rights and the value of the Tanager property. The parties each understand

3    and acknowledge that the value of the Tanager property may be significantly reduced

4    or increased in the future, depending on many different factors including, but not

5    limited to, the present and future real estate market and the results of such pending

6    litigation and/or disputes.

7           N.      Petitioner, and Petitioner's Revocable Trust and the Discretionary

8    Trust, own substantial and significant assets, which Petitioner contends are not

9    producing income at levels consistent with past history and lifestyle of the parties. The

10    parties each understand and acknowledge that the value of such assets, and the

11    income produced by same, may be more or less in the future depending on many

12    different factors including, but not limited to, present and future markets, government

13    laws and/or regulations.

14           O.      Each party understands and acknowledges that the value of the

15    parties' real property located at 9 Natoma Dr., Oakbrook, Illinois, ("Natoma") may be

16    significantly reduced or increased in the future, depending on many different factors

17    including, but not limited to, the present and future real estate market and the condition

18    of the property. Moreover, there have been disputed issues as to the reason for the

19    properties' deterioration and whether or not Petitioner should be charged with resulting

20    diminution in value, if any, as a breach of fiduciary duties. Respondent waives such

21    issue and all issues regarding Natoma in this settlement. All such contentions and

22    disputes are fully released and resolved by this settlement.

23

24           P.      The Parties have agreed by and between themselves to resolve

25    all present and future rights between them. The parties have agreed that the

26    provisions of this Judgment are in full satisfaction of any and all claim(s) either party

27    may have or might claim against the other, and any and all claims that Respondent

28    may have or might claim against the Discretionary Trust, and represents a release and



resolution of all such claims including but not limited to those concerning spousal support, property rights of every kind or nature whether relating to community property, quasi community property, marital property, separate property or the like, all reimbursement claims between the parties, all claims for waste or diminution of value, all claims for breach of fiduciary duty, and any claim that either party has not fully complied with prior Orders of the Court in this matter, as well as all claims either party may have or claimed to have for any reason, whatsoever.

Q.    This Judgment represents a compromise, release and resolution of all disputes on all issues between the parties; each party acknowledges and confirms that this Judgment is a fair and reasonable compromise of all of their claims.

R.    All Requests for Order which remain pending with the Court shall be taken off calendar, as moot.   All such contentions and disputes are fully released and resolved by this settlement.

S.    As to assets liquidated and proceeds used by either Party since the filing of the Petition, each party acknowledges that the characterization and allocation/chargeability of these proceeds could have been decided by the court, and the parties waive the right to litigate such issues any further.  By settling this case now, each party waives whatever claims existed relative to all such issues, including the characterization, valuation, and disposition of the proceeds received from the liquidation of any assets or interests, any claims for reimbursement or repayment or diminution in value or any other claims.  All such claims or disputes are released or resolved in this settlement.

T.    In negotiating the terms of the settlement embodied in this Judgment, each party has been informed of the laws of the State of California, which permit the opportunity to obtain from each other, and from others, both on a voluntary basis and through formal discovery procedures, all facts pertaining to financial aspects of the parties, including without limitation, their respective assets, obligations, income

{00079608.DOCX/6}          {00079608.DOCX/6}                    {00079608.DOCX/6}    {00079C

7




and expenses. Each party has had the opportunity to engage in discovery in this matter. Both parties have also had the opportunity to have the services of forensic accountants, financial consultants, forensic computer experts and real and personal property appraisers.

U.    Each of the parties warrants and represents that each party desires a settlement of, and is settling, all of the matters set forth in this Judgment. Without limiting the foregoing, each party warrants and represents that they have made such investigation as each deems advisable into the facts (including assets and liabilities of each other, and the values of same) been advised by counsel as to the risks and benefits of entering into the settlement and Judgment, that he or she understands such risks and benefits, that each is entering into the settlement  and Judgment voluntarily and because they believe it is in their individual best interest to do so, that each is not acting under duress, undue influence or mistake or inadvertence or other factor that would give rise to a claim for rescission or invalidation of this agreement and Judgment.

V.    Further and without limitation of the foregoing, Respondent acknowledges that: she has consulted or has had full opportunity to consult with her own attorneys, experts, professionals, lay people and anybody else she may have desired, including but not limited to Victoria Feldman who Respondent acknowledges has acted and advised Respondent independently of Petitioner, and not at the instruction of or in  cooperation with Petitioner or attorney Ryden or anyone else; that Respondent has entered into this agreement and Judgment without relying on any information or representations from Petitioner, and irrespective of advice that any of her advisors has provided to her; that she is fully competent to know and understand, and does know and understand, the terms and risks of this agreement and Judgment, and the whole and every part thereof. Respondent provides her initials as the bottom of this paragraph confirming that all of the above is true and correct.

{00079608.DOCX/6}                    {00079608.DOCX/6}                        {00079608.DOCX/6}  {00079
8



ATTACHMENT TO JUDGMENT
BD 6047752



C.S.

Further still, and without limiting the foregoing, Petitioner acknowledges that: he has consulted or has had full opportunity to consult with his own attorneys, experts, professionals, lay people and anybody else he may have desired; that he has entered into this agreement and Judgment without relying on any information or representations from Respondent and irrespective of advice that any of his advisors has provided to him; that he is fully competent to know and understand, and does know and understand, the terms and risks of this agreement and Judgment, and the whole and every part thereof. Petitioner provides his initials as the bottom of this paragraph confirming that all of the above is true and correct.

J.S.

W.    The parties also acknowledge that by entering into a negotiated settlement of all issues between them, each knowingly waives his or her right to a full evidentiary trial on the merits with respect to those issues.

X.    Each party acknowledges that each has been advised by his or her respective counsel that the economic benefits conferred on each by this Judgment may be better or worse than the economic benefits that would be conferred after discovery was completed or after such a full evidentiary trial.   Nevertheless, both parties have considered the risk of continued litigation and the costs thereof, and for Respondent in particular, the potential for an outcome much less favorable than the terms of this settlement, and have decided that it is preferable to settle all issues now rather than to be subjected to the uncertainties associated with continuing the litigation process.

**2.    SPOUSAL SUPPORT**

**A. Non-modifiable spousal support to the Respondent.**

{00079608.DOCX/6}                    {00079608.DOCX/6}                    {00079608.DOCX/6} {00079€
                                              9




1.    Petitioner shall pay to Respondent the total sum of $1,740,000 in non-modifiable and non-taxable spousal support according to the terms set forth herein as follows, and on the condition that Respondent's death does not occur before such payment:

The Petitioner shall pay to the Respondent the amount of $20,000 per month, payable on the first day of each month commencing July 1, 2018, and terminating forever on June 30, 2022, or on the Respondent's death or with the full payment of $1,740,000, whichever event shall first occur ("Terminating Event"). In no event shall the Petitioner pay spousal support to the Respondent after Jun 30, 2022. For clarification purposes, Petitioner's obligation herein does not terminate on Petitioner's death or upon Respondent's remarriage. The payment amount of $20,000 per month, shall be non-modifiable in amount, upwards or downwards, or in duration for any and every reason whatsoever except for a Terminating Event. The total spousal support amount of $1,740,000 shall be non-modifiable in amount either upwards or downwards, for any and every reason whatsoever except for a Terminating Event before the full payment thereof. The court shall not have nor shall the court retain jurisdiction to modify the monthly amount or total amount of spousal support upwards or downwards for any reason whatsoever nor shall the court have nor shall the court retain jurisdiction to modify the duration of spousal support for any and every reason whatsoever nor shall the court have nor shall the court retain jurisdiction to order the Petitioner to pay the Respondent spousal support after June 30, 2022 (except for collection of arrears, if any.)

2.    In addition to the $20,000 month amount of spousal support for the 48 month period as set forth in subparagraph 1, above, the Petitioner shall also pay to the Respondent as and for spousal support a one-time payment of $780,000 which shall be paid to the Respondent on July 1, 2021. Said one-time payment of

---

ATTACHMENT TO JUDGMENT
BD 6047752




1  $780,000 shall also be non-modifiable in amount and the court shall not have

2  jurisdiction to modify said amount, upwards or downwards or when it becomes

3  payable.  Said payment of $780,000 shall not be payable if and only if the

4  Respondent dies prior to July 1, 2021.  Petitioner's obligation herein does not

5  terminate on Petitioner's death or Respondent's remarriage.

6

7  3.    Upon both parties signing this Judgment, the court shall not retain jurisdiction

8  and the court shall be without jurisdiction at any and all times to modify the

9  spousal support provisions as set forth in this Judgment for any reason

10  whatsoever.  The court shall not retain jurisdiction and the court shall be without

11  jurisdiction at any and all times to order the Petitioner to pay spousal support to

12  the Respondent in an amount greater than $1,740,000 or after June 30, 2022 for

13  any reason whatsoever (except for collection of arrears, if any).  The jurisdictional

14  limitations as set forth herein are absolute and non-modifiable.

15

16  4. The amounts paid by Petitioner as and for spousal support are nontaxable to

17  Respondent and nondeductible to the Petitioner. In the event of Petitioner's

18  death, the payments then remaining to be made by Petitioner hereunder shall

19  be a claim against his estate on the same payment terms as though Petitioner

20  were alive, except however, no late fees or interest shall accrue against

21  Petitioner's estate for late support payments made less than thirty days after the

22  date due.

23

24  5.   The Petitioner shall secure the spousal support obligations as set forth in

25  subparagraphs 1 and 2 to the Respondent by a deed of trust affecting the real

26  property located at 1424 Tanager Way, Los Angeles, California.  In the event

27  that any payment of spousal support is not made when due, the Respondent

28  shall, prior to exercising her rights under said deed of trust, give Petitioner

written notice of such nonpayment and the Petitioner shall have 60 days from his receipt of such notice to cure any nonpayment before the Judgment will accrue interest or Respondent may exercise any of her rights under such deed of trust.   In the event the Petitioner sells the real property located at 1424 Tanager, all unpaid amounts toward the $1,740,000 total spousal support amount will be accelerated, due and payable upon sale, and paid from the sale proceeds.

6.  Upon the spousal support obligation being satisfied, the Respondent shall forthwith provide to Petitioner or Petitioner's attorney or designated agent(s) or assign(s) a satisfaction of Judgment and full reconveyance of the deed of trust provided for herein, or any other document the Petitioner reasonably requests to evidence that the spousal support obligation has been satisfied and/or that the deed of trust should be released and no longer serve as security for the spousal support obligation.  The court shall specifically reserve jurisdiction to enforce this provision in the event the Respondent does not comply with the provision hereof to provide such documents.  Respondent agrees that in the event Court order is necessary to obtain such documents releasing Respondent's lien from the Tanager property, Petitioner may obtain such order on an ex parte basis and the clerk of the Court may sign such documents as are reasonably requested, upon order of the Court. This order may be made by any commissioner, pro tem, or judge of the Superior Court.

7.  Concurrent with execution of this Agreement, Respondent shall sign and conditionally deliver to counsel for Petitioner, to be held in Trust as follows, a Substitution of Trustee and Full Reconveyance. Respondent hereby authorizes and instructs the Substitution of Trustee and Full Reconveyance to be recorded upon the occurrence of the following:

a) Satisfaction of a Beneficiary Payoff Demand submitted by Respondent;

{00079608.DOCX/6}          {00079608.DOCX/6}                    {00079608.DOCX/6}  {00079€
12

ATTACHMENT TO JUDGMENT
BD 6047752



1    OR

2    b) Mutual joint instructions by Petitioner and Respondent; OR

3    c) Evidentiary clear and convincing proof of Satisfaction of Petitioner's

4    Spousal Support Obligations as set forth herein.

5    Respondent agrees that no attorney-client relationship is established between

6    her and Petitioner's counsel by virtue of handling the Substitution of Trustee and

7    Full Reconveyance document.

8

9    8.    The Petitioner shall pay his support obligation to the Respondent by wire

10    transfer to a financial institution of the Respondent's choice specified in written notice

11    given by Respondent at least one week prior to any support payment being due for

12    which the bank information has changed.  In absence of timely wire transfer

13    instructions from Respondent, Petitioner shall pay the Spousal Support amount by wire

14    to the last account designated by Respondent, or by check mailed to Respondent.  In

15    the event Petitioner does not send a support payment to Petitioner within five days of

16    the date due ("Grace Period"), a late fee of $100 per day until paid shall be added for

17    the first seven days and $200 per day thereafter, to a maximum of $3,000 for thirty

18    days.  The Judgment shall not accrue interest for any day for which a late fee is paid or

19    charged on unpaid support payments..

20

21    9.    The Petitioner and the Respondent acknowledge and agree, and the court

22    hereby finds, that there are no spousal support arrearages of any kind or nature due

23    and owing from the Petitioner to the Respondent through and including June 30, 2018.

24    The spousal support provisions as set forth herein supersede and replace any

25    previous or prior spousal support order; any previous spousal support order shall no

26    longer remain in effect.  The Requests for Order filed by Respondent on September

27    20, 2017, and by Petitioner on May 3, 2018 are each taken off calendar, released and

28    resolved by virtue of the spousal support provisions as set forth herein.    All such

{00079608.DOCX/6}            {00079608.DOCX/6}                    {00079608.DOCX/6}    {00079€
13

ATTACHMENT TO JUDGMENT
BD 6047752

1   spousal support contentions and issues are fully released and resolved in this

2   settlement.

3

4       10.   Petitioner and Respondent have carefully considered and bargained for

5   the spousal support as set forth herein and all issues related thereto including, the

6   non-modifiable amount of spousal support and the non-modifiable duration thereof and

7   the absolute termination thereof on the Respondent's death, or on June 30, 2022, or

8   on full payment of the $1,740,000 amount, whichever event first occurs. Each party

9   acknowledges that he/she understands the legal effect and possible consequences of

10  this agreement regarding spousal support as is set forth herein.  The Respondent

11  acknowledges and agrees that this agreement cuts off irrevocably her right to receive

12  spousal support after payment of the total amount of $1,740,000 in this settlement, and

13  further cuts off the court's jurisdiction to provide that she receives more than

14  $1,740,000 in spousal support, for any reason whatsoever.

15

16      11.   Respondent has contended that her needs, based on the marital lifestyle,

17  are far in excess of the amount of spousal support as set forth herein.  In addition,

18  Respondent has a number of health issues and understands her health costs may

19  increase in the future.  Petitioner contends that his income has been significantly

20  reduced and that the spousal support amounts that are set forth herein are more than

21  a court would order based on current conditions. Respondent further contends that the

22  Petitioner is hiding money or otherwise not being truthful or accurate in his disclosures.

23  The parties make this settlement regarding spousal support as set forth herein and

24  enter into this Judgment despite each of their respective contentions (whether or not

25  fully stated herein) and the parties have elected not to pursue further discovery or

26  litigation on the spousal support issue (or any other issue).  Each party understands

27  that but for their agreement, each would have the right to further discovery and

28  litigation of these issues.  The parties also understand but for the terms of their

{00079608.DOCX/6}            {00079608.DOCX/6}                    {00079608.DOCX/6}   {00079€
                                   14

ATTACHMENT TO JUDGMENT
BD 6047752

1   agreement, spousal support would be modifiable and would not terminate until the

2   death of either party or the Respondent's remarriage (or possibly cohabitation) or

3   further order of the court, whichever event first occurred.  This Judgment fully resolves

4   such contentions and issues; all such disputes are released and resolved by this

5   settlement.

6

7       12.    Each party further understands that there are risks associated with their

8   agreement regarding spousal support and the provisions of this Judgment concerning

9   spousal support, and there could be unforeseen hardships to each or either party in

10  the future.  Understanding these risks, each party voluntarily enters into this spousal

11  support agreement and this Judgment with full knowledge and appreciation of all of

12  such risks, and the provisions as set forth in the stipulated facts section of this

13  Judgment.  Without limiting the foregoing, and as an example of same, the Petitioner

14  knows and understands that even if he has no income, he is still required to pay the

15  spousal support as set forth herein and he cannot seek relief or request a reduction

16  from the Court.    Without limiting the foregoing, and as an example of same, the

17  Respondent knows and understands that she can never request an increase in the

18  amount of spousal support greater than the amount as set forth herein nor can she

19  request a duration of spousal support being paid to her for longer than what is set forth

20  herein.

21

22          B.    **Medical Insurance for Respondent**

23              As   additional   non-modifiable   spousal   support,   and   until

24  Respondent is eligible for Medicare coverage anticipated to be Respondent reaching

25  age 65, the Petitioner shall continue to maintain health insurance for Respondent as

26  follows:   Respondent will be covered under the medical insurance plan available

27  through Petitioner's employer if available, including via COBRA for so long as COBRA

28  is available for Respondent's coverage.  At such time as Petitioner is unable to cover

{00079608.DOCX/6}              {00079608.DOCX/6}                    {00079608.DOCX/6} {00079€

ATTACHMENT TO JUDGMENT
BD 6047752



Respondent's health insurance through his place of employment (or COBRA), and until Respondent is eligible for Medicare coverage, Petitioner shall provide health insurance for Respondent reasonably comparable to that provided by Petitioner's employer or COBRA.  If such comparable coverage is not reasonably available, or if Petitioner does not provide reasonable health insurance coverage and Respondent obtains her own individual health plan, Petitioner shall pay the premiums of a health insurance policy obtained by Respondent that is comparable to the coverage provided by Petitioner's employer or through COBRA until she is eligible for Medicare coverage. The premiums will be paid on a timely basis each month when the premium is due.  Petitioner's obligation to provide health coverage or pay the above-described cost of a comparable medical insurance policy for Respondent is non-modifiable and terminates on Respondent's death or upon Respondent reaching the age when she is first entitled to receive Medicare benefits, whichever event first occurs.  The Court retains jurisdiction only to resolve any dispute that may occur relative to Respondent's health insurance coverage and whether or not it is comparable to her existing coverage.  However, the Court does not have jurisdiction  to relieve Petitioner's obligation to pay the cost of Respondent's insurance as set forth herein  Neither the court's reservation of jurisdiction to resolve a dispute relating to comparability of coverage nor the fact that the Petitioner's obligation to pay toward the Respondent's medical insurance, shall provide or extend the court's jurisdiction to order the Petitioner to pay the Respondent any other amount or form of spousal support or duration of spousal support after the spousal support amounts herein are paid, as set forth in subparagraph A, above.

C.      **Petitioner's Waiver of Spousal Support**

The Petitioner knowingly and intelligently waives his right to receive spousal support from the Respondent.  The Petitioner acknowledges and agrees that his waiver of spousal support may work great and unexpected hardship upon him and the Petitioner has considered that possibility in electing to waive spousal

{00079608.DOCX/6}          {00079608.DOCX/6}                    {00079608.DOCX/6}   {00079€
16



support. The Petitioner further knows and understands that he will not be able to go into this or any court and ever request spousal support now or in the future for any and every reason whatsoever, and that the court shall not reserve jurisdiction over the issue of spousal support in his favor for any and every reason whatsoever. The court does not reserve jurisdiction to award the Petitioner spousal support.**D. Enforcement**

Petitioner further stipulates that any obligations owed by him under this Judgment are also obligations which may be collected against assets titled in the name of the James Samatas Revocable Trust, so long as said trust remains revocable. Further, any such amounts Petitioner comes to owe Respondent hereunder as reimbursement for third party obligations which Petitioner is obligated to pay hereunder but does not pay, and which obligations Respondent pays after 60 days written notice to Petitioner and Petitioner's failure to pay, shall be added to the amounts due under the Deed of Trust provided as security in this matter against 1424 Tanager. The family law court retains jurisdiction as necessary to enforce Petitioner's obligations herein.

**3.    PROPERTY**

A. The Petitioner shall have awarded to him as his sole and separate property whether it would be originally characterized as community, separate or otherwise, the following:

1. The real property located at 1424 Tanager Way, Los Angeles, California, together with all rights, interests, encumbrances and obligations associated therewith. The legal description is as follows:

{00079608.DOCX/6}           {00079608.DOCX/6}                    {00079608.DOCX/6} {00079€
17

1
2
3
4

Lot 10 of Tract No. 19229, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in book 652, pages 34, 35 and 36 of Maps, in the office of the County Recorder of said County.

5
6
7
8

2.  Real property located at 9 Natoma Dr., Oakbrook, Illinois, together with all encumbrances and obligations associated therewith. The legal description is as follows:

9
10
11
12
13
14

Lot 17 In Old Oak Brook, Being a Subdivision of Part of the Northeast 1/4 of Section 35, Township 39 North, Range 11, East of the Third Principal Meridian, According to the Plat Thereof Recorded December 26, 1984 As Document R84-102276 and Certificate of Correction Recorded October 25, 1985 as Document R85-92734, in Dupage County, Illinois.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

3.  All furniture, furnishings, artwork, personal property and effects, including but not limited to jewelry, pens, watches and collectibles in his possession and/or control (except the items from Natoma described below that Petitioner is agreeing to ship to Respondent when Natoma is sold) including, but not limited to those located:

(a) at the Tanager residence, whether or not contained on the partial inventory listing of certain items of personal property in the parties' possession.  These personal property items have not been appraised.  Although Petitioner and Respondent have each had the option to appraise all of said items including, but not limited to, personal property, watches, pens, and other collectibles in Petitioner's possession, Respondent and Petitioner have

{00079608.DOCX/6}        {00079608.DOCX/6}        {00079608.DOCX/6}    {00079€

18

ATTACHMENT TO JUDGMENT
BD 6047752

each elected to forego their right to have such items appraised;

(b) at the Natoma residence, whether or not contained on the inventory and appraisal listing of personal property at Natoma. Many of such items were appraised in this proceeding by Respondent's appraiser, but that appraisal has not been updated. The parties have decided not to update or undertake further appraisals; and

4. All financial accounts in Petitioner's name and/or possession and/or control including, but not limited to the following accounts:

a. IRA with Bank of America ending in numbers "1198"

b. James Samatas Revocable Trust checking with Bank of America ending in numbers "826"

c. James Samatas Revocable Trust money market with Bank of America ending in numbers "3962"

d. James Samatas Revocable Trust II checking with Bank of America ending in numbers "6177"

e. James Samatas Revocable Trust savings with Bank of America ending in numbers "6799"

f. Natoma expense checking with Bank of America ending in numbers "8274"

g. Natoma renovation account with Bank of America ending in numbers "1169"

h. Tanager expense account with Bank of America ending in numbers "1048"

               i.  Tanager Management II account with Bank of
America ending in numbers "1198"

               j.  Citibank Checking account ending in numbers
"93351"

               k.  Western Suburban checking account ending in
numbers "2912"

5.  Two moonstones in the possession of Respondent which
are represented in the picture, a copy of which is attached
hereto as Exhibit 1, and made a part hereof.  Said
moonstones shall be returned by the Respondent to the
Petitioner forthwith.  The parties have disputed the values
and characterization of said moonstones, but have elected
not to further proceed with an appraisal or valuation of the
stones.

6.  The paraiba stone currently in the possession of Freid
and Goldsman, which is represented in the picture attached
hereto as Exhibit 2, and made a part hereof.   The parties
shall forthwith sign any appropriate documents requested
so that the Paraiba stone can be released to Petitioner by
Fried and Goldsman.  The parties have disputed the value
and characterization of said paraiba stone but have elected
not to further proceed with an appraisal or a valuation of the
stone.

7.  All items now located at AB Levy, whether or not contained
on the inventory and appraisal listing of personal property
at AB Levy.  Such items were not appraised in this

{00079608.DOCX/6}           {00079608.DOCX/6}           {00079608.DOCX/6} {00079{
20

ATTACHMENT TO JUDGMENT
BD 6047752



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

proceeding, and the parties have each opted not to undertake such appraisals.  Respondent shall forthwith sign whatever documentation that is necessary or requested for AB Levy to release all of such personal property to Petitioner.

8.  All right, title and interest of the parties' interest  in the businesses known as Lexington Healthcare Center of Lombard Inc.; Lexington Healthcare Systems of Lombard Inc.; Lexington Healthcare Systems of Lombard LP; Sambell of Bloomingdale Inc., Omni Partners, together with all liabilities associated therewith.

9.  All of the parties' right, title and interest, if any, in the James Samatas Discretionary Trust under Agreement Dated September 8, 1988 and the assets, businesses and entities held by the James Samatas Discretionary Trust under Agreement Dated September 8, 1988, which list has been provided to Respondent under a settlement confidentiality agreement signed by the parties, together with all liabilities associated therewith.

10. All right, title and interest in the James Samatas Revocable Trust and the assets, businesses and entities held by the James Samatas Revocable Trust, together with all liabilities associated therewith.

11. The following automobiles, together with all liabilities associated therewith:

    a.  1959 Chevrolet Corvette License 7HYP291

{00079608.DOCX/6}          {00079608.DOCX/6}          {00079608.DOCX/6}    {00079€
21

ATTACHMENT TO JUDGMENT
BD 6047752



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        b.  2009 Chevrolet HHR License E492717

        c.  2012 Chevrolet Corvette

        d.  2013 Jeep Wrangler License 7HYP269

        e.  2010 Toyota Lexus License 7HYP270

12. The following claims, actions, lawsuits, choses in actions, together with all liabilities associated therewith:

        a.  *The Samatas v.Cohen & Lord, et al.*, litigation as filed in the Los Angeles Superior Court as Case No. BC672323;

        b.  Rights and disputes regarding 1410 Tanager

        c.  Rights and disputes regarding 1432 Tanager

B.  The Respondent shall have awarded to her as her sole and separate property whether it would be originally characterized as community, separate or otherwise, the following:

    1.  Real property located at 10776 Wilshire Blvd., Suite 1401, Los Angeles, California 90024 (APN 4325-006-065. The legal description is as follows:

      A Condominium Comprised of:

      **Parcel No. 1**

      Unit No. 1401, As Shown And Described In The Carlyle Residences Condominium Plan Recorded On July 14, 2009, As Instrument No. 2009-01057443, And As Amended By Amendment Recorded January 13, 2010 As Instrument No. 2010-0047994, (The "Plan"), Encumbering Lot 1 Of Tract No. 40164, As Shown On A Subdivision Map Filed On November Io, 1987, In Book

{00079608.DOCX/6}          {00079608.DOCX/6}          {00079608.DOCX/6}  {00079€

                    22

ATTACHMENT TO JUDGMENT
BD 6047752



| | |
|---|---|
| 1 | 1097 At Pages 62 To 63, Inclusive, Of Maps, In The |
| 2 | Official Records Of Los Angeles County |
| 3 | **Parcel No. 2** |
| 4 | An Undivided One Seventy-Eighth (1178th) Fee Simple |
| 5 | Interest As A Tenant In Common In And To All Of The |
| 6 | Real Property Comprising The Common Area. |
| 7 | **Parcel No. 3** |
| 8 | Exclusive Easements Appurtenant To The Unit For |
| 9 | Parking Purposes Over Those Portions Of The |
| 10 | Association Property Designated On The Plan As |
| 11 | Parking Spaces |
| 12 | P-234 And P-235. |
| 13 | **Parcel No. 4** |
| 14 | An Exclusive Easement For Storage Purposes Over The |
| 15 | Portion Of The Association Property Designated On The |
| 16 | Plan As Storage Space S-220. |
| 17 | **Parcel No. 5** |
| 18 | Non-Exclusive Easements For Access, Ingress, Egress, |
| 19 | Encroachment, Support, Maintenance, Drainage, Use, |
| 20 | Enjoyment, Repair, And For Other Purposes, All As |
| 21 | Described In The Declaration Of Covenants Conditions |
| 22 | And Restrictions ("Declaration") Recorded July 14, 2009 |
| 23 | As Instrument No. 2009-01057444 Of Official Records. |
| 24 | |
| 25 | 2.  All financial accounts in Respondent's possession |
| 26 | including, but not limited to the following accounts: |
| 27 | a.  Chase checking/savings (ending in 6998, 3750, |
| 28 | 8371); |

{00079608.DOCX/6}          {00079608.DOCX/6}          {00079608.DOCX/6}  {00079€
                                        23

ATTACHMENT TO JUDGMENT
BD 6047752

b.  Chase Managed Retirement IRA;

c.  All furniture, furnishings, and artwork in Respondent's possession;

3.  The following automobiles, together with all liabilities associated therewith:

    a.  2012 Porsche 911 Turbo, license plate number 6UJU834

4.  All furniture and furnishings, artwork, personal property and affects (including jewelry) in Respondent's possession and/or control (except as may be otherwise specifically set forth in this Judgment)

5.  All proceeds received by Respondent regarding the sale of jewelry through Sotheby's in the approximate amount of $2,100,000 as well as all proceeds received by Respondent for other personal property sold by her.  Petitioner claimed in this dissolution action that all items of jewelry sold by her were either community property or items in which he has a separate property reimbursement claim for the funds used for purchasing said items.  Petitioner also claimed Respondent has sold jewelry for under market value in breach of her fiduciary duty.  As part of this settlement, Petitioner waives all such claims to any personal property or proceeds received by Respondent from the sale thereof.

6.  Certain items of furniture, furnishings, artwork and collectibles from the Natoma residence as agreed to by the parties as follows, which Petitioner will ship to Respondent after he enters escrow to sell Natoma but before Petitioner surrenders possession of Natoma to the buyer, to the

{00079608.DOCX/6}          {00079608.DOCX/6}          {00079608.DOCX/6}  {00079(
                                24

ATTACHMENT TO JUDGMENT
BD 6047752

1    extent he finds and identifies them, and in whatever

2    condition they exist at the time of the sale :

3        a.  Louis Vuitton Trunk

4        b.  Desk and chair from her studio

5        c.  Bathtub collection of shells and tchachki's

6        d.  Copper Pots in Kitchen plus copper molds

7        e.  Large painting of woman in bedroom

8        f.  All personal clothing.

9    8.  Possible claims Respondent may have against Cohen and Lord not

10   addressed or resolved by Petitioner's civil action, until the delivery to Cohen and

11   Lord of the release conditionally delivered by Respondent hereunder pursuant

12   to paragraph 6.E below which shall release any such claims.

13   **4.**       **TAX MATTERS**

14   A.       For the tax year 2017, each party shall file separate federal and state

15   income tax returns and shall indemnify and hold the other party harmless for income

16   taxes associated with his/her employment income.

17   B.       The parties filed joint federal and state income tax returns through the

18   calendar year ending 2016. Pursuant to this Judgment, Petitioner assumes all liabilities

19   and shall pay when due all unpaid taxes, interest and penalties related to all joint state

20   and federal tax returns filed by the parties, and shall indemnify and hold Respondent

21   harmless therefrom.

22   C.       Each party shall pay, indemnify and hold the other harmless on any tax

23   consequences on the capital gains, if any, on the properties awarded to him/her

24   pursuant to this Judgment.

25   D.       Each party is ordered to send to the other party, by email, within five (5)

26   days receipt, a copy of any deficiency notice or other correspondence received from

27   the Internal Revenue Service, the California Franchise Tax Board, the Illinois

28   Department of Revenue, or any other taxing agency concerning taxes for which a joint

1 income tax return has been filed. From the date of this Judgment, each party shall

2 solely assume and pay any and all tax consequences with respect to the assets

3 awarded to him or her, and shall indemnify and hold the other party harmless

4 therefrom.  The party receiving specific property under this Judgment shall pay, all

5 taxes assessed against such property, including but not limited to, property taxes and

6 federal and state taxes upon the sale, and all costs and maintenance thereof.  All

7 allocations of property hereunder are transfers of property incident to divorce, within

8 the meaning of Internal Revenue Code section 1041.

9       E.      The division of property that Petitioner and Respondent have made by

10 this Judgment represents an allocation of property between spouses in connection

11 with a dissolution of marriage and does not constitute a sale or exchange of property.

12 As a result, the income tax basis of the property that Petitioner and Respondent are

13 dividing did not change by reason of the division.  Accordingly, Petitioner and

14 Respondent shall not seek a new income tax basis for any community asset on the

15 theory that any sale or exchange of community property was made, and they shall not

16 seek a new income tax basis in the future for any former community property. If either

17 party seeks a new tax basis for any former community asset and the other party

18 (referred to as the Taxed Party) is later assessed for additional federal or state income

19 taxes on the grounds that a sale or exchange of assets took place which Petitioner and

20 Respondent divided their community property herein, the party who sought the new

21 income tax basis shall pay the entire amount of resulting tax and all penalties and

22 interest attributable to it. The party who sought a new income tax basis shall pay all

23 costs incurred by the Taxed Party in opposing and settling the proposed assessment

24 that results from the other party's attempt to obtain such new income tax  basis.  The

25 tax  liability due to  the assessment of  a  deficiency  by  a determination that a taxable

26 sale or exchange of property has taken place between the parties that is a result of on

27 party seeking a new income tax basis, shall equal the difference between the total tax,

28 interest and penalties payable for the appropriate year as a result of the determination

{00079608.DOCX/6}                {00079608.DOCX/6}                        {00079608.DOCX/6} {00079608.DOCX/6}
26


1 | less the total tax, interest, and penalties that would have been payable for the

2 | appropriate year if the determination had been made.

3 |    F.  In the event of a dispute, the Court shall retain jurisdiction to make further

4 | Orders that are necessary to enforce the provisions of this tax section.

5 | **5.  TRANSFER OF PROPERTY**

6 |    All property (including real property, trust and business interests, tangible and

7 | intangible personal property) divided pursuant to this Judgment shall become, or be

8 | confirmed as, the separate property and obligation of the party so designated to

9 | receive such property, immediately upon execution of this Judgment by the parties.

10 | The party to whom property is transferred shall receive from the other party any and all

11 | documents and instruments necessary to effectuate transfer of title.  The party to

12 | whom any such property is not allocated or confirmed shall have, and agrees he or she

13 | does not have, any right, title and interest in or to such property as is allocated and

14 | confirmed to the other party.

15 | **6.  ASSUMPTION OF DEBTS AND OBLIGATIONS**

16 |    A.  Petitioner shall solely assume and pay all debts incurred in the name of

17 | Petitioner or incurred by Petitioner, and Petitioner warrants to Respondent that

18 | Petitioner has not incurred (except as otherwise provided in this Judgment or as shown

19 | in his disclosure statements), nor will Petitioner incur, any liability or obligation for

20 | which Respondent is or may be liable.   If any claim, action or proceedings arising out

21 | of the representation set forth in this paragraph shall hereafter be brought seeking to

22 | hold Respondent liable on account of any liability or obligation for which Petitioner is or

23 | may be liable, Petitioner shall, at Petitioner's sole expense, defend Respondent

24 | against all such claims or demands and Petitioner shall indemnify and hold

25 | Respondent free and harmless therefrom. This includes but is not limited to all

26 | obligations incurred by Petitioner, individually, or as Trustee of the James Samatas

27 | Revocable Trust; the James Samatas Discretionary Trust or any other legal entity in

28 |

{00079608.DOCX/6}    {00079608.DOCX/6}    {00079608.DOCX/6} {00079€

27

ATTACHMENT TO JUDGMENT
BD 6047752



which he has an interest, as well as all unpaid fees and costs claimed by Cohen and

Lord, outstanding judgments against Petitioner and Respondent in the Niami matter,

and all outstanding income tax liabilities from jointly filed tax returns, as follows:

        1)     IRS 2016  186,216.74

        2)     Natoma Property Taxes plus any existing redemption penalties

              2016: $25,794.92

              2015  $12,732.45

        3)     Flexi-Tech Contract and JR Construction in the Samatas v. Niami

case: $255,954.00 principal balance plus interest

        4)     JP Morgan Loan on Tanager

        5)     Cohen & Lord contingent liability

        6)     Trust and Family Loans:

| | |
|---|---|
| Loan/1988 James Samatas Discretionary Trust re Collectibles | $10,000,000 |
| Linden/Loan/1988 James Samatas Discretionary Trust | $1,000,000 |
| Linden/Loan/1988 James Samatas Discretionary Trust (Linden closing shortage) | $  425,000 |
| Loan/1988 James Samatas Discretionary Trust re Elysian | $  100,000 |
| Loan/1988 James Samatas Discretionary Trust (Elysian improvements) | $  690,000 |
| Tanager/Loan by 1988 James Samatas Discretionary Trust (Purchase) | $2,250,000 |
| Tanager/Loan via John Samatas Discretionary Trust (originally $6M purchase) | $4,000,000 |

ATTACHMENT TO JUDGMENT
BD 6047752

| | |
|---|---|
| Tanager/Loan by 1988 James Samatas Discretionary Trust  (Niami case) | $2,000,000 |
| Tanager/1988 James Samatas Discretionary Trust re 1410 Litigation | $1,000,000 |
| (P) 1432 Tanager- Loan by 1988 James Samatas Discretionary Trust (Attorneys/Consultants) | $1,400,000 |
| (P) 1432 Tanager/Collin | $1,405,949 |

B.    Respondent shall solely assume and pay all debts incurred in the name of Respondent or incurred by Respondent, and Respondent warrants to Petitioner that Respondent  has not incurred (except as otherwise provided in this Judgment or as shown in her disclosure statements), nor will Respondent incur, any liability or obligation for which Petitioner is or may be liable. If any claim, action or proceedings arising out of the representation set forth in this paragraph shall hereafter be brought seeking to hold Petitioner liable on account of any liability or obligation for which Respondent is or may be liable, Respondent shall, at Respondent's sole expense, defend Petitioner against all such claims or demands and Respondent shall indemnify and hold Petitioner free and harmless therefrom.

C.    Except as may be otherwise set forth herein, all property assigned in this Judgment to either party is assigned subject to all existing liabilities, judgments, encumbrances and liens thereon. The assignee shall indemnify and hold the other party free and harmless from any claim or liability that the other party may suffer or may be required to pay on account of such encumbrances or liens and from all costs and expenses, including, but not limited to, reasonable accountants', attorneys' and other experts' fees and costs in connection therewith.



D.    Petitioner and Respondent shall work together in effort to remove the other party's name from various bank accounts, investment accounts or retirement accounts, credit cards and debts, if any.  The Court retains jurisdiction to make further orders as necessary to implement and/or enforce this provision.

E.    Respondent shall, concurrent with execution of this Judgment, sign and conditionally deliver to counsel for Petitioner to be held in Trust, a full release of all claims against Cohen & Lord, James Boyle and  Bruce Cohen.  Respondent authorizes counsel for Petitioner to date and deliver said C/L Release upon Petitioner's settlement with Respondent and C/L's full release of all claims against Respondent. Respondent agrees that no attorney-client relationship is established between her and Petitioner's counsel by virtue of such handling of the C/L release.

**7.    WAIVER OF EQUALIZATION OF COMMUNITY PROPERTY**

The parties have compromised their various positions in this matter as set forth in this Judgment resulting in their agreement to settle all outstanding issues between them as set forth in this Judgment.  The parties hereby waive the necessity of a mathematically equal division of their community assets and obligations and agree that the division of assets and obligations in this Judgment is fair and equitable, and that neither party owes the other any amounts in equalization.

**8.    WAIVER OF REIMBURSEMENT AND OTHER CLAIMS**

A.    Except as otherwise set forth and provided for in this Judgment, Petitioner and Respondent each waive any and all rights he or she may otherwise have against the other  or the community or the other party's separate estate including, but not limited to the following:

i. Epstein credits (Marriage of Epstein (1979) 24 Cal.3d 76) and all rights of reimbursement to which a party may be entitled as a



result of the payment of community obligations since the date of
separation;

ii.  Watts credits (Marriage of Watts (1985) 171 Cal. App 3d 366) and
all rights to reimbursement to which a party or the community may
be entitled as a result of one party's use of community assets
since the date of separation.

iii.  Frick credits (Marriage of Frick (1986) Cal.App. 3d 997) and all
rights to reimbursement to which a party or the community may be
entitled due to one party's use of community assets for the
improvement of separate property during marriage;

iv.  Claims against either party to account for community and/or
separate property received, possessed or expended by either
party, if any, after the date of separation other than as stated in
this Judgment;

v.  Feldner claims (Marriage of Feldner (1995) 40 Cal.App.4th 617),
and other authority, for compensation to either party by the
community property for services rendered by such party for the
benefit of the community for which such party has not been paid
previously;

vi.  Jeffries credit and reimbursements (Marriage of Jeffries (1991)
228 Cal.App.3d 548, 278 Cal Rptr. 830), for the allocation or offset
of Epstein credits and Watts reimbursements;

vii.  Wolfe reimbursement (Marriage of Wolfe (2001) 91 Cal.App. 4th
962, 110 Cal.Rptr.2d 921)), where community funds are
consensually used to improve one spouse's separate property,
community is entitled to reimbursement;

viii. All rights to reimbursement based upon the voluntary payment of expenses incurred for and on behalf of the other party prior to or subsequent to the date of separation.

ix. All rights to reimbursement under Family Code §910 for community property used to pay either party's separate debts;

x. All rights to reimbursement under Family Code §2640 for separate property contributed to the acquisition or improvement of community property;

xi. All rights to reimbursement under Family Code §2641 or otherwise for contributions made by the community or either party to the education or training of one or both of the parties;

xii. All rights to reimbursement under Family Code §920 or otherwise for gifts of community property made to third parties;

xiii. All rights to reimbursement under Family Code §1101 or otherwise for breach of fiduciary duty in management and control of community property;

xiv. All other rights to reimbursement of any kind or character whatsoever that either party may have or claim to have against the other party or the community or against either party's separate estate;

xv. Any claims, of every kind or nature, as a result of either party changing and/or modifying any will or trust prior to or after separation of the parties; and

xvi. Any claim, of every kind or nature, against any trust, trust asset, or business entity referenced in this Judgment.

B. The Court finds that the specific waivers set forth in this paragraph supersede all existing court orders, stipulations or agreements between the parties and/or wherein the Petitioner and/or Respondent reserved the right to repayment or

{00079608.DOCX/6}　　　　　　　{00079608.DOCX/6}　　　　　　　{00079608.DOCX/6} {00079&

32

---

ATTACHMENT TO JUDGMENT
BD 6047752



1  reimbursement for payments made to or for the benefit of the other party and/or the

2  community estate. The Court finds that the parties each have warranted and

3  represented that said waivers are made as part of and in consideration for the division

4  of assets and determination of support as provided in this Judgment.

5  **9.**    **CREDITORS' CLAIMS AND RELEASE**

6      A.    Except as otherwise specifically provided in this Judgment, each party

7  shall be solely liable for and shall indemnify and hold the other party free and harmless

8  from and against all liabilities, claims, debts, real property taxes, and/or liens arising

9  heretofore or hereafter from the real properties and all other assets being awarded

10  and/or confirmed to that party as his or her sole and separate property.

11      B.    Petitioner and Respondent acknowledge that he and she respectively

12  have been advised as follows:

13      Although an obligation based upon contract is assigned to one party as

14  part of the division of the community, in the event that the party to whom the obligation

15  was assigned defaults on the contract, the creditor may have a cause of action against

16  the other party.

17

18    C. Petitioner and Respondent accordingly recognize that this Judgment between

19       them is not binding upon third parties. Except as otherwise provided in this

20       Judgment, in the event any third party seeks to hold one party liable for the

21       debts or obligations that the other has assumed by this Judgment, then the

22       indebted party herein shall defend and/or compromise and settle any lawsuits,

23       claims, demands or actions brought at his or her own expense and, further, to

24       pay, indemnify and hold the other non-indebted party harmless from any and all

25       such claims, demands, liabilities, obligations or other debts that the non-

26       indebted party may be caused to incur to defend himself or herself, including,

27       but not limited to, payments for reasonable attorneys', accountants' or other

28       expert fees and costs incurred by the non-indebted party.  To the extent

ATTACHMENT TO JUDGMENT
BD 6047752



1    Respondent is forced to pay any obligation owed by Petitioner (such as Cohen

2    and Lord, income taxes, etc.), Petitioner shall reimburse Respondent forthwith.

3    Additional terms regarding enforcement are set forth in Paragraph 2.D herein.

4    **10.    WAIVER OF INTEREST IN PROPERTY ACQUIRED AFTER SEPARATION**

5    **AND WAIVER OF FUTURE EARNINGS AND ACQUISITIONS**

6    A.    Except  as  specifically provided  for herein,  any and  all property

7    acquired by either party after the execution of this Judgment, including, without

8    limitation all salaries, earnings and accumulations, shall be the sole and separate

9    property of the party so acquiring same.

10   B.    Except as specifically provided for herein, each party shall hereafter own

11   and hold the property received by him or her, respectively, by the terms of this

12   Stipulated Judgment, as his or her sole and separate property free from any claim of

13   the other (except as specifically provided for herein) or of any creditor of the other by

14   reason of the community property laws of the State of California, or by reason of any

15   other law or fact.

16

17   **11.    RECIPROCAL WAIVER OF RIGHT TO INHERIT FROM THE ESTATE OF**

18   **THE OTHER PARTY**

19   A. The Court finds that each party has effectively and willingly waived  and

20   relinquished any or all rights under and pursuant to California <u>Probate Code</u>, Section

21   141(a)(1) through (10), including:

22   1.    Property that would pass from the decedent by intestate

23        succession;

24   2.    Property that would pass from the decedent by testamentary

25        disposition in a Will executed before the waiver;

26   3.    A probate homestead;

27   4.    The right to have exempt property set aside;

28   5.    Family allowance;

{00079608.DOCX/6}          {00079608.DOCX/6}                    {00079608.DOCX/6} {00079€
34




1       6.    The right to have an estate set aside under Chapter 6

2       (commencing with Section 6600) of Part 3 of Division 6 of the

3       Probate Code;

4       7.    The right to elect to take community or quasi-community property

5       against the decedent's Will;

6       8.    The right to take the statutory share of an omitted spouse;

7       9.    The right to be appointed as the personal representative of   the

8       decedent's estate;

9       10.    An interest in property that is the subject of a non-probate transfer

10       on death under Part 1 (commencing with Section 5000) of Division

11       5 of the Probate Code;

12       B.    This paragraph is intended to comply with the provisions of Sections 142,

13 143 and 144 of the Probate Code of the State of California.

14 12.    **EXECUTION OF OTHER DOCUMENTS**

15       A.    Each party shall promptly, upon request of the other acknowledge and

16 deliver to the other party hereto, his or her heirs, executors, administrators or other

17 representatives, all deeds, tax returns, amendments to tax returns, amended returns,

18 leases, contracts, releases, certificates of partnerships, escrow agreements,

19 partnership agreements, loan agreements, refinancing agreements, loan applications,

20 bills of sale, insurance documents, designations of beneficiaries or other instruments

21 and documents which may hereafter be necessary or desirable to enable either of the

22 parties to sell, transfer, re-designate beneficiaries or own any real or personal property

23 acquired under, before or after the execution of this Judgment, or to carry out the

24 terms hereof or the terms of this Judgment.

25       B.    Should a party required to execute and deliver such documents fail to do

26 so within ten (10) days after demand has been made therefor, by the party entitled

27 thereto, then, and in that event, the other party may make ex parte application to the

28



court, accompanied by notice required by law , in order to carry out such orders as may be necessary to obtain the execution of said documents and to obtain delivery of same to the party entitled thereto; and, the Clerk of the Court or the Assistant Clerk of the Court may sign in place of the other party pursuant to the request of the party making the application. The Court retains jurisdiction to make such other and further orders as may be necessary, convenient or required with respect to the form of any documents which are or may be necessary to effectuate the purpose of this Judgment, and any aggrieved party may make application to the court for such purposes upon ex parte application. Further, all original documents provided by either side to the other shall be returned forthwith to the party who supplied them.

      C.     Notwithstanding the failure or refusal of either party to execute any such document or instrument, this Judgment shall constitute a full and complete transfer and conveyance of the property herein designated as being transferred, conveyed or assigned by each party.

**13.   PARTIES BOUND**

      The parties agree and the court orders that this Judgment shall inure to the benefit of, and be binding upon, the parties hereto and their respective heirs, executors, administrators, successors, assigns and legal representatives.

**14.   MISCELLANEOUS PROVISIONS**

      A.     The court finds that each of the parties has warranted to the other that he/she has not incurred, and hereby covenants that he/she will not incur, any liability or obligation on which the other party is liable or may be liable except as expressly set forth herein, and each party hereby covenants and agrees that if any claim, action or proceeding shall hereafter be brought seeking to hold the other liable on account of any debt, liability, act or omission of the other party, he/she shall, at his/her sole

{00079608.DOCX/6}           {00079608.DOCX/6}          {00079608.DOCX/6}  {00079€

36

ATTACHMENT TO JUDGMENT
BD 6047752




expense, defend the other party against any such claim or demand, whether or not well founded, and he/she shall hold him/her free and harmless therefrom.

B.    Each party shall provide to the other party all documents, including warranty information, owner's manuals and invoices which he or she has in his or her possession regarding property awarded to the other party herein.

C.    Each party shall have the right, and the other party shall cooperate by doing all reasonable acts and supplying all appropriate documents, to confirm, if reasonably necessary, compliance with all provisions under this Judgment.

D.    The party receiving specific property under this Judgment shall be entitled to, and the other party shall transfer and assign to him or her, all rights, titles, and interest in the property, and such party also shall be entitled to existing insurance in the property, and the benefits, if any, of premiums previously paid on that insurance and each party shall be solely responsible for the payment of all premiums due thereafter under the insurance policy terms if the party decides, in his or her sole discretion, to maintain said policy in force.

E.    The party receiving specific property under this Judgment shall pay, from and after the Effective Date of this Judgment, all taxes assessed against such property including, but not limited to, property taxes and federal and state taxes upon sale, and all costs of maintenance thereof.

F.    The Court shall retain jurisdiction to enter this Judgment and to make further orders to enforce the provisions herein.  Specifically, the Court shall retain exclusive jurisdiction over the following matters:

1.    To supervise or otherwise enforce the division and confirmation of property.

2.    To enforce the tax provisions.

3.    To enforce all executory provisions hereto.

{00079608.DOCX/6}          {00079608.DOCX/6}                    {00079608.DOCX/6} {00079€
37

ATTACHMENT TO JUDGMENT
BD 6047752

**15.    REPRESENTATION BY LEGAL COUNSEL; FURTHER ACKNOWLEDGMENTS**

A.      Each party to this Judgment has acknowledged to the other that he or she has been represented during the course of this action by counsel of his or her own choosing. Petitioner acknowledges that he has been represented in connection herewith by Wolf Group L.A., by Ellen Wolf, Attorney at Law, and Respondent acknowledges that she has been represented in connection herewith by Jaffe & Clemens, by William Ryden, Attorney at Law.

B.      Each party has acknowledged that he or she is satisfied with the information he or she has at this time and that he or she does not desire, nor has he or she requested, any further discovery or documents from the other.  Neither Respondent nor Petitioner has promised or threatened anything to persuade or dissuade the other from inquiry or investigation.

C.      Each of the parties has acknowledged that neither party shall have the right to set aside any of the terms or conditions of this Judgment by reason of any of the waivers and decisions as set forth in this Judgment including, but not limited to their agreement not to conduct further formal discovery, appraisals or investigations.

D.      The parties have acknowledged that they have been advised by their respective counsel that there may be certain tax consequences as a result of the provisions of this Judgment, including, but not limited to, state and federal income tax consequences, and local tax consequences.  The parties have further acknowledged that their respective counsel are not tax experts and have not given either party tax advice, and each party has consulted with, or has had the opportunity to consult with, his or her respective tax advisor, tax attorney or accountant regarding any tax consequences of this Judgment which may be substantial and might affect materially his or her entering into the terms of this Judgment.  The parties acknowledged that

{00079608.DOCX/6}          {00079608.DOCX/6}                    {00079608.DOCX/6}  {000796
38

ATTACHMENT TO JUDGMENT
BD 6047752

they have sought and obtained all of the tax, business-related or other advice that they
deem necessary in order to enter this Judgment.

    E.    Each party acknowledges for himself/herself that he/she has approved
this Judgment based upon his/her own understanding of his/her own
circumstances and the circumstances of the other, and he/she is satisfied to rely on
his/her own understanding of their respective circumstances.

## 16.    ENTIRE UNDERSTANDING

    This Judgment is an integrated agreement and constitutes the full and entire
understanding of the parties with respect to the subject matter hereof, and supersedes
all prior discussions, negotiations, agreements, or orders. The parties hereto shall not
alter and/or modify this Judgment except by an instrument in writing executed by them
and dated after the effective date hereof.  This Judgment includes all of the
representations of every kind and nature made by the parties.

## 17.    CONSTRUCTION OF AGREEMENT

    The form of this Judgment has been prepared, and negotiations in connection
herewith have been carried on, by the joint efforts of the parties, and this Judgment is
to be construed simply and fairly and not strictly for or against either of the parties
hereto.  No prior versions/drafts to this Judgment shall be presented to and/or relied on
or made reference to in interpreting any provision or provisions of this Judgment.

## 17.    NOTICES

    Any and all notices, demands or communications under or in connection with
this Judgment which either party desires or is required to supply to the other, shall be
in writing and either served personally or sent by prepaid first-class mail, addressed to
the respective parties at their addresses set forth below. Nothing herein shall be
construed as a replacement or waiver of any requirements of notice or personal
service or other required means of service of any documents or instruments upon

ATTACHMENT TO JUDGMENT
BD 6047752

1    either party as required by California statutes.  Each party is ordered to notify the other

2    party, in writing, of any change of address from the address set forth below.  Such

3    written notice, when received, shall modify and amend the foregoing only as to the

4    address of the party giving notice.

5            James Samatas
6            c/o Wolf Wallenstein & Abrams, PC
             11400 W. Olympic Blvd., Ste. 700
7            Los Angeles, CA 90064

8            Carlye Samatas
9            c/o Jaffe and Clemens
             433 N. Camden Dr., Suite 1000
10           Beverly Hills, CA 90210

11           Each party may advise the other party in writing of a change of address.  The

12   notice of change of address may be served by fax, regular mail or by personal delivery.

13   **18.    ATTORNEY'S AND ACCOUNTANT'S FEES**

14           Petitioner agrees to pay Respondent the sum of $25,000 upon the parties'

15   execution of this agreement to reimburse monies paid to ARC, as his share of the ARC

16   fees, court reporter's fees and other fees paid  by Respondent.  Respondent shall

17   retain refunds, if any, of unused portion of ARC fees.  Except for said $25,000, each

18   party shall be responsible for his or her own respective professional fees and costs,

19   including but not limited to any professional, attorney's and accountant's fees and

20   costs, whether previously incurred or incurred through entry of the Judgment, and each

21   party shall indemnify and hold the other party harmless therefrom.

22   **19.    SUBMISSION TO COURT**

23           The parties waive notice of trial, notice of intended decision, motion for

24   reconsideration or new trial, and statement of decision;  and the right to appeal, as to

25   each and every issue resolved by this Judgment to be filed herein shall be upon

26   execution of this Judgment by the Court.

27

28

{00079608.DOCX/6}            {00079608.DOCX/6}            {00079608.DOCX/6}  {00079i
                                    40

ATTACHMENT TO JUDGMENT
BD 6047752

1   THE FOREGOING IS AGREED TO AND THE COURT IS REQUESTED TO

2   APPROVE AND SIGN THIS DOCUMENT BECAUSE IT IS OUR STIPULATED

3   SETTLEMENT OF ALL MATTERS REFERRED TO HEREIN.

4

5   DATED: 6/27/18

6                                    James Samatas, Petitioner

7   DATED: June 27, 18

8                                    Carye Samatas, Respondent

9   APPROVED AS CONFORMING TO THE PARTIES' SETTLEMENT

10

11  DATED: 6·27·18

                                     Ellen Wolf, Esq.,
12                                   Attorneys for Petitioner

13  DATED: 6-27-18

14                                   William Ryden, Esq.,
                                     Attorney for Respondent
15

16

17  THE FOREGOING JUDGMENT IS APPROVED AND IS HEREBY MADE THE
    ORDER OF THIS COURT.

18

19  DATED: 7/2/2018

20                                   JUDGE OF THE SUPERIOR COURT

21

22

23

24

25

26

27

28
    {00079608.DOCX/6}          {00079608.DOCX/6}          {00079608.DOCX/6}    {00079
                                       41

                              ATTACHMENT TO JUDGMENT
                                    BD 6047752