# EXHIBIT 2

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 15 2017

Sherri R. Carter, Executive Officer/Clerk
By: Charlotta Robinson, Deputy

COPY

1  **PARKER MILLS LLP**
   David B. Parker (SBN 072192)
2  parker@parkermillsllp.com
   Shawn Shaffie (SBN 262002)
3  shaffie@parkermillsllp.com
   800 W. 6th Street, Suite 500
4  Los Angeles, California 90017
   Telephone: (213) 622-4441
5  Facsimile: (213) 622-1444

6  Attorneys for **JAMES SAMATAS, as an**
   **individual, and as TRUSTEE OF THE**
7  **JAMES SAMATAS REVOCABLE TRUST**

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

               COUNTY OF LOS ANGELES, CENTRAL DISTRICT
10

11
   JAMES SAMATAS, as an individual, and       Case No. BC 672323
12 JAMES SAMATAS as TRUSTEE OF THE
   JAMES SAMATAS REVOCABLE TRUST
13
                Plaintiff,                     **COMPLAINT FOR**
14                                             **(1) LEGAL MALPRACTICE**
   v.                                          **(2) BREACH OF FIDUCIARY DUTY**
15
   COHEN & LORD, APC, JAMES F. BOYLE,
16 an individual, and BRUCE M. COHEN, an
   individual                                  **[JURY TRIAL DEMANDED]**
17
                Defendant.
18

19

20       Plaintiffs **JAMES SAMATAS as TRUSTEE OF THE JAMES SAMATAS,**

21 **REVOCABLE TRUST,** and **JAMES SAMATAS, an individual** (collectively referred to as

22 "Samatas") bring this action against defendants JAMES F. BOYLE, an individual ("Boyle"),

23 BRUCE M. COHEN, an individual ("Cohen"), and COHEN AND LORD, APC ("Cohen &

24 Lord"; unless referenced separately, Boyle, Cohen, as well as Cohen & Lord are collectively

25 referred to as "Defendants"). The amount in controversy exceeds the sum value of $75,000 and

26 Plaintiff, Samatas, alleges as follows:

27 ///

28 ///

1620061_3.doc                              1

1

**PARTIES**

2      1.     Plaintiff James Samatas, as Trustee of the James Samatas Revocable Trust U/T/A

3 dated September 8, 1988, is, and at all times relevant, was owner of a certain real property, central

4 to this dispute, which is located at 1424 Tanager Way, in the City of Los Angeles, County of Los

5 Angeles, State of California. ("Property.")

6      2.     Plaintiff, James Samatas, is an individual residing in the County of Los Angeles,

7 State of California.

8      3.     Samatas is informed and believes, and on that basis alleges, that defendant Cohen

9 & Lord was at all relevant times, and is a California limited liability partnership. Cohen & Lord is

10 a law firm doing business within the state of California, with its principal place of business in the

11 city of Los Angeles, within Los Angeles County. Cohen & Lord holds itself out publicly and so

12 represented to Samatas that it specializes and has great expertise in construction defect claims,

13 including residential construction cases.

14      4.     Samatas is informed and believes and on that basis alleges that defendant

15 Boyle is and at all relevant times was partner at Cohen & Lord, a licensed California attorney, and

16 at all relevant times acted within the course and scope of his partnership role. Cohen & Lord and

17 Boyle falsely represented to Samatas that Boyle was a highly seasoned and experienced lawyer in

18 the area of construction defects, who had taken similar cases to that which he was retained by

19 Samatas, to trial.

20      5.     Samatas is informed and believes, and on that basis alleges that defendant

21 Cohen is and at all relevant times was senior partner at Cohen & Lord, a licensed California

22 attorney, and at all relevant times acted within the course and scope of his senior partnership role.

23 Cohen was involved in all significant decisions related to Samatas' case.

24      6.     Samatas is informed and believes and based thereon alleges that at all relevant

25 times each Defendant was the agent, employee or partner of each other Defendant, and in doing

26 the things hereinafter alleged, acted within the scope and course of such agency and employment,

27 and that each Defendant has ratified and approved the acts of each other Defendant.

28

**JURISDICTION AND VENUE**

7.     Venue is proper in this Court pursuant to *Code of Civil Procedure* Section 395 because Defendants are located in Los Angeles County, practice law in Los Angeles County, and the acts alleged herein occurred within Los Angeles County, in the State of California.

**GENERAL ALLEGATIONS**

8.     Commencing on or about October 11, 2010, Samatas engaged the legal services of Defendants.

9.     This action involves claims for professional negligence and breach of fiduciary duty against Cohen & Lord and its attorneys, Boyle and Cohen, arising out of legal services pertaining to the investigation, work up, and litigation of a lawsuit related to the purchase of the Property, as well as related events and consequent disputes arising from the same. (The purchase and sale of Property is referred to as "Sale.") The lawsuit in which Samatas was a Plaintiff - both as Trustee and an individual, along with Carlye Samatas - is entitled *Carlye Samatas, et. al. v. Nile Niami, et al.*, LASC Case Number BC456738, and was fully handled, by Defendants from inception ("Underlying Action.")

10.     Defendants, and each of them, remained attorneys of record for Samatas on matters related to the Underlying Action and continued to perform services including interacting with opposing counsel relating to post-judgment matters, until, at least March 24, 2017 when new counsel substituted in. Beginning in June, 2016, Samatas made repeated requests to Defendants for his client file. Defendants, however, ignored Samatas' requests for a copy of the client file for nearly six months and through the end of November, 2016. To date, a complete version of Samatas' client file has not been submitted by Defendants to Samatas, as for instance, no work product documents have been provided. Samatas also made repeated requests for an updated invoice from Defendants which was not produced until on or about March, 2017. When Defendants finally did produce an invoice, the time entries for legal services went back approximately 14 months through January 4, 2016, and included charges for interest on a purportedly "overdue balance" of over $330,000. The same invoice omitted entries for activities known to have been undertaken by Defendants as counsel for Samatas after January, 2016.

1620061_3.doc

3

COMPLAINT

## FIRST CAUSE OF ACTION

### (Legal Malpractice)

11.     Throughout the years of their legal representation Defendants represented that they were looking out for Samatas' best interests at all times, both in giving candid, competent and complete advice and in the course of their advocacy on behalf of Samatas.

12.     Defendants knew that Samatas was dependent upon them to advise him on all important matters relating to the Underlying Action, including his potential claims, their strengths and weaknesses, the anticipated costs of litigation, all important matters relating to the prosecution and defense of claims; and to update prior advice, opinions or assessments as warranted by later developments. Defendants knew that Samatas was susceptible to their influence, guidance, and ultimately their control, and that Samatas reposed in Defendants a high level of trust, faith and confidence.

13.     Defendants, and each of them, agreed and were required to use the highest standard of care and diligence as experts and specialists, with what they claimed was highly specialized knowledge and substantial experience in litigating such claims.

14.     Defendants billed Samatas for the Underlying Action approximately $3.9 million while logging 13,640 hours by a veritable army of 16 timekeepers including lawyers (partners and associates), paralegals, and legal assistants.

15.     The services rendered by Defendants in connection with the Underlying Action were performed in a manner below the standard of care. As a proximate result of Defendants' negligence, in January, 2015 the jury in the Underlying Action found against Samatas on his causes of action for negligent misrepresentation and intentional misrepresentation, as against Defendants Nile Niami, and his brokers, Westside Agency, Inc., Drew Fenton, and Hilton & Hyland Real Estate, Inc. (collectively, "Seller's Brokers.") Because of the negligence of Defendants, certain other causes of action which should have been included *and* other parties who should have been named as defendants in the Underlying Action, were not. But for the negligence of Defendants, Samatas would have achieved a better overall outcome.

1620061_3.doc

4

COMPLAINT

16.     The Defendants negligently and carelessly breached their professional and ethical obligations to Samatas in connection with the services they rendered in the Underlying Action, including as follows:

A.     Defendants failed to adequately investigate matters related to the strength and weaknesses of Samatas' potential claims in the Underlying Action, despite having been retained approximately three months prior to filing the lawsuit. Among many failings, Defendants failed to conduct their due diligence in terms of exploring and properly analyzing the likelihood of success for certain claims, including but not limited to those for intentional and negligent misrepresentation against Seller's Brokers. Defendants also failed to investigate and conduct the necessary testing, prior to filing suit, so as to address issues related to construction defects. Defendants also failed to conduct due diligence in terms of naming the appropriate parties and identifying the appropriate causes of action with the result that valid and collectible claims were never brought and prosecuted, including claims for professional negligence and breach of fiduciary duty against Samatas' own broker, Bridget Martens ("Martens"), as well as Martens' employer, Sothebys (collectively, "Sothebys").

B.     Defendants erroneously named as plaintiffs in the Underlying Action both James Samatas and Carlye Samatas, individually, yet as the Court ultimately ruled, neither one were proper party plaintiffs as they lacked standing. Also, the only appropriate plaintiff was James Samatas, as Trustee of the James Samatas Revocable Trust ("Trust"), the actual purchaser of the Property. As a result of Defendants' errors in naming them as individual plaintiffs in the Underlying Action, the underlying defendants obtained a nonsuit against them and recovered prevailing party attorney fees, a risk that was never disclosed to either individual.

C.     Defendants failed to adequately describe and explain to Samatas, the potential types of damages which were available in the Underlying Action.

D.     Defendants failed to interview Martens before or shortly after commencing the Underlying Action, both as a witness and potential defendant, and later failed to prepare adequately for Martens' deposition. Then, at the time of Martens' deposition, Defendants failed to adequately react and rehabilitate, or clarify her damaging deposition testimony.

1    E.    Defendants compounded their failings related to Martens by: failing to immediately

2 report to Samatas, Martens' adverse testimony; failing to adequately re-evaluate Samatas' claims

3 based on the adverse testimony, including his claims against Seller's Brokers; and failing to

4 apprise Samatas of the increased risks he now faced.

5    F.    Defendants were also negligent in failing to timely preserve Samatas' claims

6 against Sothebys by timely seeking a tolling agreement, and if need be, by initiating an action

7 against Sothebys, separately or in connection with the Underlying Action.  As a result, the statute

8 of limitations expired on such claims.

9    G.    Defendants failed to adequately prepare their own witnesses for deposition.

10    H.    Defendants mismanaged, and failed to adequately utilize and prepare Samatas'

11 expert witnesses, with one result being excessive, unreasonable and unnecessary expert fees.

12    I.    Defendants failed to adequately prepare for trial in the Underlying Action.

13    17.    Trial commenced on or about October 27, 2014.  During trial Defendants:

14    A.    Failed to adequately prepare and examine witnesses, including, but not

15 limited to James Samatas; and

16    B.    Submitted erroneous, inconsistent, and confusing jury instructions and special

17 verdict forms; failed to make sufficient objections to underlying defendants' erroneous

18 instructions and special verdict forms; and failed to ensure either that all discussions with the court

19 regarding instructions and special verdict forms were reported, or that statements made and

20 positions taken off the record were thereafter put on the record.

21    18.    Defendants were also negligent in failing to pursue substantial and valid monetary

22 claims for prevailing party attorney's fees against certain defendants in the Underlying Action.

23    19.    Defendants also failed to protect Samatas' interests in avoiding, or dismissing, or

24 settling causes of action which Defendants knew, or should have known, had little to no likely

25 chance of success.  Defendants also failed to advise Samatas of the risk of proceeding with such

26 claims, including the risk of the costs of prosecution and the risks of losing on such claims.  This

27 included exposure to taxable costs and/or prevailing party attorneys' fees awards.

28

20.     Defendants' also charged unwarranted and unconscionable legal fees of approximately $3.9 million which would have been substantially less but for Defendants' negligence and disregard of their clients' rights.

21.     As a direct, proximate, and legal result of Defendants' said negligence, Samatas has suffered damages in an amount that exceeds the jurisdictional minimum of this Court, and to be proven at trial.

### SECOND CAUSE OF ACTION

### (Breach of Fiduciary Duty)

22.     Samatas re-alleges and incorporates herein as if fully set forth all of the allegations contained in paragraphs 1 through 21 of this complaint.

23.     Defendants owed Samatas the full panoply of fiduciary duties including, among others, the duties of loyalty, to disclose material information and communicate significant events, to obtain informed consent, and to follow Samatas' express instructions.  Also, Defendants' fiduciary duties required their billing practices to be fair, reasonable, and not unconscionable.

24.     Samatas trusted Defendants and relied upon their advice and services.

25.     Defendants breached their fiduciary duties to Samatas in various ways, including but not limited to the following:

A.      Defendants failed to disclose and kept secret from Samatas the fact that Martens' anticipated and actual deposition testimony was highly damaging, until months down the line, when it was too late and the damage to Samatas' claims had already been done.  This withholding of information was not by accident but, on information and belief, was due to a pre-existing relationship between Defendants and Sothebys.  Indeed, Sothebys were Samatas' referral source to Cohen & Lord.

B.      Defendants failed to disclose and kept secret from Samatas, the fact that they had allowed the statute of limitations period for which Samatas could have brought causes of action against the Sothebys to expire.

1620061_3.doc

7

COMPLAINT

C.     Defendants fraudulently concealed their own negligence so that Samatas would continue to believe that Defendants had, and were, competently representing his interests, all so that Defendants could continue to realize a pecuniary benefit for their legal services to Samatas.

D.     Defendants, and each of them, breached their fiduciary duties to Samatas by charging excessive legal fees for services not reasonably required with respect to the Underlying Action. Defendants, and each of them, grossly overcharged, as well as inflated and padded the time charged to Samatas for work they performed in relation to claims which Defendants knew or should have known, had little to no viability for success. Defendants also manufactured work not to advance Samatas' cause, but instead solely to increase their fees. Defendants even charged Samatas for work which was not performed and/or he had not been authorized.

26.     As a direct, proximate, and legal result of Defendants' breach of fiduciary duties, Samatas has suffered damages in an amount that exceeds the jurisdictional minimum of this Court, and to be proven at trial.

27.     Defendants claim that they are owed additional fees. Samatas contends that he does not owe Defendants anything, and to the contrary, is entitled to a refund of the fees paid. By reason of said breaches of fiduciary duties, all fees charged to Samatas by Defendants are tainted such that any unpaid fees charged should be forfeited, and Samatas is also entitled to disgorgement of those fees already paid.

**WHEREFORE**, Samatas prays for judgment against Defendants, and each of them, jointly and severally, as follows:

1.     For damages in an amount according to proof;

2.     For costs of suit herein;

3.     For interest at the maximum rate allowed by law;

4.     That the Court declare that Samatas has no indebtedness to Defendants under the fee agreement;

5.     That the Court declare that Samatas is entitled to disgorgement of fees already paid to Defendants; and

6.     For such other and further relief as is deemed just and appropriate by this Court.

1

2                                    **JURY TRIAL DEMAND**

3          Samatas hereby demands a jury trial on all issues triable, in connection with this referenced

4    matter.

5    DATED: August 15, 2017                    **PARKER MILLS LLP**

6

7

8                                        By: _____

9                                               Shawn Shaffie
                                               Attorney for Plaintiff
10                                             JAMES SAMATAS, as an individual, and as
                                               TRUSTEE OF THE JAMES SAMATAS
11                                             REVOCABLE TRUST, et al.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1620061_3.doc                              9
                                        COMPLAINT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT—UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number

## BC 6 7 2 3 2 3

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Debre K. Weintraub | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Teresa A. Beaudet | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Michael J. Raphael | 51 | 511 | |
| Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Howard L. Halm | 53 | 513 | |
| Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. John P. Doyle | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 | |
| Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Daniel S. Murphy | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Monica Bachner | 71 | 729 | |
| Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 | |
| Hon. Elizabeth Feffer | 39 | 415 | | Hon. Michelle Williams Court | 74 | 735 | |
| Hon. David Sotelo | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 | |
| Hon. Holly E. Kendig | 42 | 416 | | | | | |
| Hon. Mel Red Recana | 45 | 529 | | Hon. Steven J. Kleifield | 324 | CCW | |
| Hon. Frederick C. Shaller | 46 | 500 | | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 308 | CCW | |
| Hon. Randolph Hammock | 47 | 507 | | | | | |

*Complex

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

– NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

    i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
                   (INSERT DATE)                      (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____  ➤  _____
       (TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)
Date:

_____  ➤  _____
       (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date:

_____  ➤  _____
       (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date:

_____  ➤  _____
       (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date:

_____  ➤  _____
       (TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)
Date:

_____  ➤  _____
       (TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)
Date:

_____  ➤  _____
       (TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.**
  Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221