# EXHIBIT 4

## JAMS ARBITRATION
## REFERENCE NO. 1220060864

**JAMES SAMATAS, JAMES SAMATAS AS TRUSTEE OF THE JAMES SAMATAS REVOCABLE TRUST**

       **Claimants,**

vs.

**COHEN & LORD, APC, JAMES F. BOYLE, an individual, and BRUCE M. COHEN, an individual,**

       **Respondents,**

---

**COHEN & LORD, APC,**

       **Counter-Claimants,**

vs.

**JAMES SAMATAS, an individual, and JAMES SAMATAS AS TRUSTEE OF THE JAMES SAMATAS REVOCABLE TRUST**

       **Counter-Respondents.**

---

## ORDER NO. 1 REGARDING RIGHT TO CONDUCT DISCOVERY

On August 12, 2019, Claimants James Samatas, James Samatas as trustee of the James Samatas Revocable Trust ("Claimants") submitted a Motion to Conduct Discovery. By its motion, the Claimants seek to take three depositions of attorneys at Cohen & Lord, PC that were involved

1

in the underlying action. Claimants argue that this Arbitrator has authority to grant the limited discovery under the California Arbitration Act ("CAA"), JAMS Rules and an ambiguous arbitration provision in the retainer agreement which they urge should be construed in their favor. On August 16, 2019, Respondents Cohen & Lord, PC ("C&L"), James F. Boyle ("Boyle"), and Bruce M. Cohen ("Cohen") (collectively "Respondents") submitted their opposition arguing the CAA does not allow discovery in this instance, JAMS Rules do not apply, the retainer agreement unambiguously prohibits depositions, and Claimants have not demonstrated why the depositions are necessary. The Claimants submitted a reply brief on August 20, 2019, and a telephonic hearing was held September 4, 2019.

The Arbitrator, having read the parties' briefs and having heard oral argument at the hearing, hereby rules as follows:

## I. BACKGROUND SUMMARY

On October 11, 2010, Claimants entered into a written retainer agreement with Respondent C&L. This action arises out of C&L's legal services on behalf of Claimants in an underlying construction defect action entitled *Caryle Samatas et al v. Nile Niami, et al,* LASC Case No. BC456738 ("Underlying Action") involving Claimants purchase of property located at 1424 Tanager Way, Los Angeles, California ("Property"). Claimants sued the sellers, developers, contractors, materials suppliers, subcontractors, certain real estate agents and brokers alleging defects in the Property and misrepresentations that the Property was "brand new" when it was substantially remodeled. The Underlying Action was filed on March 7, 2011, and spanned nearly three years. Respondent Boyle, a partner at C&L, was the day-to-day handling and trial attorney. Respondent Cohen, a partner at C&L, was the supervising attorney. Mehrdad Bokhur ("Bokhur"), an associate at C&L, was involved with certain review and handling of information. The trial took place over two months, from approximately October, 2014 through on or about December, 2014, and consisted of over forty-five witnesses. Respondents billed Claimants roughly $3.9 million for

2

their legal services in the Underlying Action.  The court in the Underlying Action awarded Claimants $645,813.92 of the nearly $4 million in attorney's fees billed asserting the amount of hours expended was not credible and the failure to apportion the fees among the defendants and causes of action.  On or about March 24, 2017, Claimants substituted in new counsel.

On November 13, 2018, Claimants filed the Demand for Arbitration. This arbitration involves claims for professional negligence and breach of fiduciary duty against Respondents for, among other things, failing to name as defendants in the Underlying Action their own broker, Bridget Martens and her company Sotheby's, improperly naming James Samatas in his individual capacity as a plaintiff, and charging excessive legal fees.  On November 29, 2018, C&L filed a counter-claim seeking recovery of in excess of $3 million in legal fees.

By the present motion, Claimants seek to take the depositions of Cohen, Boyle and Bokhour.

## II. MOTION TO CONDUCT DISCOVERY

The Claimants urge they need to take the depositions of Cohen, Boyle and Bokhour in order to adequately prove-up their claims of malpractice and breach of fiduciary duty.  Claimants contend that there are no depositions of these attorneys from the Underlying Action and certain research identified in the bills was not provided in the client file.  Claimants' retainer agreement with C&L contains the following arbitration provision:

> "F. <u>Dispute Resolution</u>.  In the unlikely event of ***any dispute between us*** arising out of or related to our legal representation, ***including disputes over bills or the quality of representation,*** the matter ***will be resolved,*** to the extent permitted by California law, not by a Court proceeding, but ***by arbitration, in California, pursuant to the California Code of Civil Procedure***.  The result of arbitration will be binding and judgment may be entered in any Court having jurisdiction.  By agreeing to arbitrate, we are both agreeing to a ***simplified procedure*** which does not have all of the costs, or all of the safeguards, of a Court proceeding.  ***For example, neither side would***

3

> **have the <u>right</u> to** demand a jury trial, ***obtain depositions or utilize other forms of discovery***, or appeal." (Exh. 1 to Motion, Retainer Agreement, p. 2, emphasis added).

Respondents argue that the last sentence of the above provision means that no depositions or discovery may be utilized in this arbitration. The Arbitrator finds this argument not persuasive.

Where an arbitration agreement clearly specifies that the arbitration will be subject to certain rules, those rules govern. *Lane v. Francis Capital Mgmt.* (2014) 224 Cal.App.4th 676, 692. The parties in the present case specified the arbitration would be governed by the "Code of Civil Procedure" which sets forth the rules governing arbitrations at sections 1280 through 1294.4, commonly referred to as the California Arbitration Act. "Parties to arbitration voluntarily trade the formal procedures and the opportunity for greater discovery and appellate review for the 'simplicity, informality, and expedition of arbitration.'" *Broughton v. Cigna Healthplans of California* (1999) 21 Cal.4th 1066, 1080.

The Arbitrator does not read the arbitration provision in the parties retainer agreement as a prohibition or bar to all discovery in this arbitration. In interpreting this provision, the Arbitrator is guided by the principle that "arbitration is a matter of agreement between the parties" and the Arbitrator "should attempt to give effect to their intentions, in light of the usual and ordinary meaning of the contractual language" used by the parties. *Gross v. James A. Recabaren, M.D., Inc.* (1988) 206 Cal.App.3d 771, 777. Here, the last two sentences of the provision provides in the form of an example and consistent with California law and the Code of Civil Procedure that an arbitration is a "simplified procedure" where the parties do not have the absolute "right," meaning the express authorization, for depositions or discovery as they would in a court proceeding. In other words, it is not a "right" as it would be in a court proceeding, it is discretionary. *See generally,* Code of Civil Procedure sections 1283.05(e), 1283.1(b).

ORDER NO. 1 REGARDING RIGHT TO CONDUCT DISCOVERY

This Arbitrator has considered and balanced the complexity of the claims in this arbitration, the precise necessity advocated by Claimants for taking the three depositions against the simplified and expedited nature of arbitration, and the burden of the discovery on the parties. The Arbitrator grants the motion with respect to Claimants request to take the deposition of Boyle. The deposition shall be set on a date mutually agreed upon by counsel and shall not exceed seven hours exclusive of a lunch break. The Arbitrator denies Claimants request to take the depositions of Cohen and Bokhour as Claimants did not set forth a sufficient basis for ordering these depositions.

## III.  ORDER

Claimants' Motion to Conduct Discovery is hereby GRANTED in part and DENIED in part. Claimants' Motion to Conduct Discovery in granted with respect to Claimants request to take the deposition of James Boyle. The deposition shall be set on a date mutually agreed upon by counsel and shall not exceed seven hours exclusive of a lunch break. The Arbitrator denies Claimants request to take the depositions of Bruce Cohen and Mehrdad Bokhour.

Dated: September 6, 2019

_____
Hon. Gail A. Andler (Ret.)

5

## PROOF OF SERVICE BY E-Mail

Re: Samatas, James, et al. vs. Cohen & Lord, et al.
Reference No. 1220060864

I, Chandra Ahr, not a party to the within action, hereby declare that on  September 11, 2019, I served the attached ORDER NO. 1 REGARDING RIGHT TO CONDUCT DISCOVERY on the parties in the within action by electronic mail at Irvine, CALIFORNIA, addressed as follows:

David B. Parker Esq.
Shawn Shaffie Esq.
Parker Mills  LLP
800 W. 6th St.
Suite 500
Los Angeles, CA   90017
Phone: 213-622-4441
parker@parkermillsllp.com
Shaffie@parkermillsllp.com
   Parties Represented:
   James Samatas
   Samatas, James, Trustee of James Samatas Rev

Mark Lester Esq.
Lester & Cantrell LLP
1770 Iowa Ave.
Suite 110
Riverside, CA   92507
Phone: 951-300-2690
mlester@lc-lawyers.com
   Parties Represented:
   BMCA Law Group, PC
   Bruce M. Cohen
   James F. Boyle

Lyle R. Mink Esq.
L/O Lyle R. Mink
1801 Century Park East
Suite 2600
Los Angeles, CA   90067
Phone: 310-553-1010
lyle@lylemink.com
   Parties Represented:
   BMCA Law Group, PC

I declare under penalty of perjury the foregoing to be true and correct. Executed at Irvine, CALIFORNIA on  September 11, 2019.

Chandra Ahr
JAMS
CAhr@jamsadr.com