# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 20-17355 |
| | ) | |
| JAMES SAMATAS, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge A. Benjamin Goldgar |

## COHEN & LORD, P.C.'S REPLY IN SUPPORT OF MOTION TO CONVERT CASE TO CHAPTER 7

Cohen & Lord, P.C. ("Cohen & Lord"), a creditor, by and through its undersigned counsel, and for its Reply in Support of Motion to Convert Case to Chapter 7, states as follows:

## INTRODUCTION

Without going into great detail surrounding the claims and counterclaims currently stayed involving Cohen & Lord, the firm disputes Samatas' characterization of the underlying facts. Cohen & Lord properly represented Samatas through the pendency of the underlying California state proceedings and ultimately received a judgment in Samatas' favor. Samatas' claim that he should have received a larger judgment after trial is unsupported and certainly not a basis for a malpractice claim. Although the debtor, James Samatas spent more than eight pages of his Response Brief discussing his version of the facts involving Cohen & Lord, he fails to articulate why a third-party, neutral trustee could not evaluate the claims involving Cohen & Lord and independently evaluate the claims and counterclaims' merits. Samatas also fails to connect the currently stayed proceedings to any basis why the Motion to Convert should be denied. Simply put, Samatas' arguments as to why this Court should reject the Trustee, Caryle Samatas, and Cohen & Lord's motions fall flat, and this case should be immediately converted to a Chapter 7 proceeding.

55930344v.1 XLSP/1229148

## ARGUMENT

### A.     Samatas Provides No Basis to Deny the Motion to Convert

As an initial matter, Cohen & Lord adopts the arguments made by Caryle Samatas as set forth in her Reply in Support of Motion to Convert. Samatas provides no rationale as to why a Chapter 7 Trustee cannot properly distribute the bankruptcy estate, why a Chapter 7 Trustee cannot pursue any claims that Samatas may have, and why Samatas has not sought a relief from the automatic stay to pursue any claims. Samatas' arguments as to why he did not timely provide the requisite disclosures required in a Chapter 11 bankruptcy proceeding are not well founded. On request of a party in interest, and after notice and a hearing, the court shall convert a case under Chapter 11 for cause unless the court determines that the appointment of a trustee or an examiner is in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(1). Moreover, a Chapter 11 case should be converted or dismissed when there is a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. 11 U.S.C. § 1112(b)(4)(A). Simply stating that Samatas was arrogant and failed to appreciate the depth and complexity of a Chapter 11 bankruptcy case and his misunderstanding of the bankruptcy system is not enough to defeat conversion. (Response, pg. 20). Samatas has acknowledged that he has not received any income in years and that he lacks prospects from generating any regular income in the near future. Simply put, there is no viable change of reorganization or rehabilitation.

Moreover, Samatas' claim that he is in negotiations for the sale of the Tanager property is not supported as he fails to provide any relevant evidence that an offer for the property has actually been made. He has failed to seek permission to act as a broker for the property, failed to list the property for same, and failed to take any real steps to actually sell the Tanager property

even though this case has been pending for almost five months. As a result, the Motion to Convert should be granted.

WHEREFORE, Cohen & Lord, P.C. respectfully requests that (1) that this Court exercise its authority to convert this case to a Chapter 7 case and immediately appoint a Chapter 7 Trustee to investigate the Debtor's assets, liabilities, income and expenses, and (2) for all other relief this Court deems fair and proper.

                            Respectfully submitted:

              By:    \s\ Timothy R. Herman
                       Timothy R. Herman (6301721)
                       Gordon & Rees Scully Mansukhani
                       One North Franklin, Suite 800
                       Chicago, IL 60606
                       therman@grsm.com
                       Attorney for Creditor Cohen & Lord P.C.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 22nd Day of February 2021, a true and correct copy of **Cohen & Lord, P.C.'s Reply in Support of Motion to Convert Case to Chapter 7** was served on all parties who requested to receive notice of filings via the Court's CM/ECF system and the following parties via first-class mail:

David P. Holtkamp, Esq.
Office of the United States Trustee
219 S. Dearborn Street, Room 873
Chicago, IL 60604

Witkin & Associates, LLC
5805 Sepulveda Blvd., Suite 670
Sherman Oaks, CA 91411

JP Morgan
700 Kansas Lane
Monroe, LA 71201

Parker Mills LLP
800 W. 6th Street #500
Los Angeles, CA 90017

Wolf, Wallenstein & Abrams
11400 W. Olympic #700
Los Angeles, CA 90064
Howard & Howard PLLC
200 S. Michigan Ave. #1100
Chicago, IL 60604

      Respectfully submitted:

By:   \s\ Timothy R. Herman
      Timothy R. Herman (6301721)
      Gordon & Rees Scully Mansukhani
      One North Franklin, Suite 800
      Chicago, IL 60606
      therman@grsm.com
      Attorney for Creditor Cohen & Lord P.C.